[No. 11871.    Department Two. — May 23, 1889.]

## COLUMBUS BARTLETT, RESPONDENT, v. ODD FELLOWS' SAVINGS BANK, APPELLANT.

ATTORNEY AND CLIENT — COMPENSATION — ENTIRE CONTRACT — DISCHARGE OF ATTORNEY — MEASURE OF DAMAGES. — An attorney who receives a salary under a general employment by a corporation which may be changed at any time may properly make a special contract with the corporation for services in a particular case; and if discharged from such case without cause, may recover the amount of money to which he would have been entitled had the defendant allowed him to complete the entire service which he had contracted to perform, with interest from the time it became due.

ID. — STATUTE OF LIMITATIONS. — When the compensation which an attorney is to receive is to depend for its time of payment upon the time when the corporation should obtain by judgment or compromise the payment of the claim sued upon and its amount is to be controlled by the amount so received, the cause of action for services does not accrue until the receipt of the money collected from the defendant; and no suit could be brought before that time for breach of contract in discharging the attorney from his employment.

ID. — BREACH OF CONTRACT — PLEADING — ALLEGATION OF DAMAGES. — A complaint showing a breach of contract by the defendant in refusing to pay an agreed compensation to the plaintiff as attorney, who was prevented by the defendant from fully performing the contract on his part, and alleging that a certain sum of money and interest is due under the contract, is not insufficient in not containing a specific allegation of damages, the facts being stated which in law constitute his damages and their measure.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion.

*C. L. Tilden,* for Appellant.

The relations between attorney and client are confidential, and the attorney must show that no advantage was taken of the client. (1 Story's Eq. Jur., secs. 301, 311; Civ. Code, secs. 1992, 2215, 2216, 2235, 2338; *Kisling* v. *Shaw,* 33 Cal. 425–440; 91 Am. Dec. 694; *Valentine* v. *Stewart,* 15 Cal. 401; *Nesbit* v. *Lockman,* 34 N. Y. 167–169; *Hitchings* v. *Van Brunt,* 38 N. Y. 342.) During an employment by the client, the attorney cannot make a binding contract for greater compensation. (Weeks on Attorneys, sec. 846; *Lecatt* v. *Sallee,* 3 Port. 115; 29 Am. Dec. 249.) The complaint fails to allege damages, and does not support the judgment. (*Bohall* v. *Diller,* 41 Cal. 533; *Huston* v. *T. etc. Co.,* 45 Cal. 553; *Pittsburgh Coal Co.* v. *Greenwood,* 39 Cal. 71; *Utter* v. *Chapman,* 38 Cal. 659; *Rowe* v. *Bradley,* 12 Cal. 231; *Clark* v. *Marsiglia,* 1 Denio, 317; 43 Am. Dec. 670; Sedgwick on Damages, 210.) The cause of action is barred, the limitation running from the breach, when plaintiff was discharged. (Angell on Limitations, secs. 136, 137; Bishop on Contracts, secs 690, 837–842; 3 Parsons on Contracts, 91, 93; *Bonestell* v. *Van Etten,* 20 Hun, 470; *Wood* v. *Currey,* 57 Cal. 208; *In re Paschal,* 10 Wall. 483–496; *United States* v. *Behan,* 110 U. S. 338–346; *Wolf* v. *Marsh,* 54 Cal. 232; *Dillon* v. *Anderson,* 43 N. Y. 231; *Wiseman* v. *Panama R. R.,* 1 Hilt. 300; *Howard* v. *Daly,* 61 N. Y. 362; 19 Am. Rep. 285; *Owen* v. *Frink,* 24 Cal. 178; *Shannon* v. *Comstock,* 21 Wend. 457; 34 Am. Dec. 262; *Cooper* v. *Pena,* 21 Cal. 403, 412; *Oakley* v. *Morton,* 11 N. Y. 33; 62 Am. Dec. 49; *Tenney* v. *Berger,* 93 N. Y. 524–529; 45 Am. Rep. 263; *Crandall* v. *Clark,* 7 Barb. 171; *Adams* v. *Fort Plain Bank,* 36 N. Y. 253; *Bathgate* v. *Haskin,* 59 N. Y. 535; *Jones* v. *Lewis,* 11 Tex. 359; *Gross* v. *Kierski,* 41 Cal. 113.)

*Stanly, Stoney & Hayes,* for Respondent.

The agreement was valid, notwithstanding previous employment of the attorney under salary. (*Fitch* v.

*Gardenier,* 2 Keyes, 516; *Clay* v. *Ballard,* 9 Rob. (La.) 308.) The measure of damages, when performance is prevented, is the compensation provided for in the contract. `(Baldwin* v. *Bennett,* 4 Cal. 392; *Hunt* v. *Test,* 8 Ala. 713; 42 Am. Dec. 659; *Wylie* v. *Coxe,* 15 How. 415; *Bright* v. *Taylor,* 4 Sneed, 159; *Coffee* v. *Meiggs,* 9 Cal. 364.) Where a contract is contingent or conditional, limitation does not begin to run until accomplishment of the condition. (Wood on Limitations, 265, 266; Nugie on Limitations, sec. 115; *Smith* v. *Lawrence,* 38 Cal. 29; 99 Am. Dec. 344.) The complaint is not defective. (Civ. Code, sec. 3302.) The plaintiff may show himself to have sustained damages by stating the facts which in law constitute damages and their measure.

FOOTE, C. — This action was brought by an attorney at law to recover a sum of money alleged to be due him by the defendant. Judgment passed for the plaintiff as prayed for, from which, and an order denying a new trial, the defendant appeals.

The points made for the reversal of the judgment and order are: —

1. That the facts set up in the complaint show that the action was not brought to recover compensation for services rendered as an attorney, but that the cause of action is founded upon a breach of contract by the defendant, and arose when the relation of attorney and client was terminated, and was therefore barred by the statute of limitations.

2. That the contract as alleged is of a kind where the presumption arises that it has been entered into without consideration, and under undue influence, and this presumption has not been overcome by the plaintiff.

3. That the contract alleged was entered into by the defendant while laboring under a mistake of fact, and that the defendant had a right under the law to rescind it.

4. That the complaint is insufficient in that it does

not contain an allegation of damages, and therefore is not sufficient to support the judgment.

The case as presented by the record is one where an attorney at law, who was the general attorney of the corporation, at a salary which might be changed at the option of the corporation, and whose period of employment as such was subject to the same condition, was voluntarily and without any effort, fraud, or undue influence on his part, employed specially by the corporation, through its proper officers, to perform certain special work, which he was ready and willing to perform, and did partially perform, but which the defendant prevented him from fully accomplishing through no fault of his.

The compensation of the attorney was to depend for its time of payment upon the time when the corporation should obtain by judgment or compromise the payment of a claim it had against William Sharon. Its amount was to be controlled by the amount received from said Sharon.

A certain sum of money was received from that source by the corporation, but before that time it had discharged the plaintiff from being its attorney, and on his demanding the amount of money which he claimed under the contract that he was entitled to have, payment was refused, and before the time of the running of the statute of limitations from the date of the reception of the money by the corporation, this suit was instituted.

The corporation had the power to change the amount of the attorney's salary in its general employment at any time, so it could as to the term of his employment.

In this existing state of relationship of the parties, it does not seem at all wrong that in a special case the attorney should enter into contract with his principal for a special fee. And if, as in this case, the employment is voluntarily tendered to him by those competent to contract with him, with a full knowledge of their right, and

of the circumstances under which they are acting, we do not perceive anything improper in it.

Mr. Bartlett, the plaintiff, did not seek the employment; it was tendered to him. He did not misstate any facts, or mislead the defendant. The contract was entered into with a true appreciation of the situation surrounding the transaction, and was in no sense unfair.

To us it seems as if the plaintiff was discharged without cause, and did not forfeit any of his rights.

The suit has been instituted to recover the amount of money to which the plaintiff would have been entitled had the defendant allowed him to complete the services which he had commenced to perform. If the defendant, by its wrongful conduct, prevents the performance of acts which entitle a party to a specific recompense, it would seem that such amount, and interest from the time it became due, may be recovered in an action which sets forth such a state of facts.

The plaintiff could not sue for damages resulting from his discharge at the time of such discharge, because he could recover no money under his contract until the defendant should be paid some by William Sharon. The moment that money came to the hands of the defendant, and not until then, was the plaintiff entitled to his proportionate share of it. His cause of action could not accrue until the condition had happened, — that is, the money had been paid by William Sharon to the defendant, — by means of which alone the plaintiff would be entitled to anything.

Had the plaintiff brought his action for damages for the non-compliance of the defendant with its contract in discharging him without allowing him fully to perform the services he had undertaken, the defense would have been that no damages could be recovered, because no money had been received from William Sharon; that the condition on which the plaintiff was alone to be paid had not happened, and the amount of his com-

pensation could not be determined, as it also was contingent on and a proportionate part of the amount which Mr. Sharon might pay.

There can be no doubt that the plaintiff's cause of action accrued when the defendant received the money and refused to pay him his share of it. The statute of limitations did not, therefore, bar the action. The detriment caused by the breach of the defendant's obligation to pay the plaintiff the amount of money which it had agreed to pay is the amount due by the terms of the obligation, with interest thereon. (Civ. Code, sec. 3302.)

The allegations of the complaint are, that the defendant is under an obligation to pay the plaintiff a certain sum of money and interest, and that it has refused to comply with such obligation, and that therefore a certain sum of money and interest is due, for which judgment is prayed.

When the plaintiff, as here, alleges facts to exist, which, if proved, would entitle him to recover the sum of money he demands from the defendant, he has shown, so far as the recitals of the complaint can, that he has sustained damages.

When he proves the facts, he should recover a judgment for the sum of money he has thus shown himself to be entitled to. If he states the facts in his complaint which in law constitute his damages and their measure, he has shown enough in the pleading to warrant a recovery of what he claims, if his proof corresponds to his allegations.

We perceive no prejudicial error in the record, and advise that the judgment and order be affirmed.

Belcher, C. C., and Vanclief, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.