<hr />

[No. 14663.   Department One. — August 6, 1892.]

AMOS E. JEFFERSON ET AL., APPELLANTS, *v.* R. E. HEWITT ET AL., RESPONDENTS.

CORPORATIONS — SUBSCRIPTION TO STOCK — STATEMENTS CONCERNING FUTURE EVENT — MATTERS OF OPINION. — Statements concerning the happening of a future event, being necessarily matters of opinion merely, cannot be relied upon to avoid subscriptions obtained by an agent of a corporation for shares of its capital stock.

ID. — SUBSCRIPTION FOR RAILROAD SHARES — INCORRECT STATEMENTS AS TO TIME OF COMPLETION OF ROAD — DEFENSE TO NOTE. — Statements made by an agent obtaining subscriptions for shares in a railroad company, to the effect that the railroad would be completed within a certain time and would be built upon a certain route, do not render a subscription made upon the faith of them voidable, or constitute a defense to a note given for such subscription, although the road be not built upon the route or within the time indicated.

ID. — CONDITIONAL SUBSCRIPTION. — In order that delay in completion of the road may be available as a defense to a promissory note given upon a subscription for shares, the time of completion must be shown to have been a condition agreed upon by the parties as a term of the subscription.

APPEAL from a judgment of the Superior Court of Orange County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*C. C. Hamilton,* and *Houghton, Silent & Campbell,* for Appellants.

*Ray Billingsley,* and *James G. Scarborough,* for Respondents.

PATERSON, J.— On July 14, 1888, the defendants executed and delivered to the Santa Ana Fair View and Pacific Railroad Company their non-negotiable note for the sum of five thousand dollars, payable four months after date, which was assigned to the Fair View Development Company, and by the last-named company assigned to these appellants.

The court found that the note was given for fifty shares of the capital stock of the company first above named, but that it was made and delivered " upon the sole consideration and inducement of the promise and assurance of said company that it would complete its railroad from Fair View to the Pacific Ocean before the maturity of said promise in writing, to wit, within sixty or ninety days from said date; that the said company failed to complete its railroad, or any part thereof, . . . . within the said time, . . . . and that no part of said railroad between said last-named points has at any time been commenced and constructed or completed; that by reason of such failure, the consideration of defendants' agreement to take said stock, and of their promise in writing set out in the complaint, has wholly failed "; but that the note " was not delivered upon the *express condition* that the railroad . . . . would be completed . . . . within sixty or ninety days from its date, nor upon condition that if said road was not so completed defendants would not have to pay said instrument, or any part thereof." The court further found that the defendants notified the company of their failure to

complete the road within the time specified, demanded the return of their note, and afterwards, on answering herein, brought the certificate of stock into court, and deposited it with the clerk for the plaintiffs.

The defendant R. E. Hewitt testified that on July, 10, 1888, Dr. Bailey stated to him that he was a stockholder, secretary, and director in the railroad company, and that there was a limited amount of the capital stock not sold, " less than fifteen thousand dollars of the original sixty-thousand-dollar issue, and that he was authorized to dispose of part of this to his friends"; that the company was going to increase the stock to two hundred thousand or three hundred thousand dollars, and place it on the market at once; "that the railroad was going right on from Fair View to the beach within sixty or ninety days at the farthest, and that he would take the stock if he could; that he held now a large amount of stock in the company"; that on the 13th the doctor came to his house and said that "the engine and rolling stock of the company was paid for, but that the road was not doing much now, more than paying expenses, but that it would be on a good, paying basis as soon as it was extended to the beach, and that everything was ready to do this"; that on the 14th the doctor said he could rely implicitly upon his statements *as a friend;* that he would not make them unless they were true; and from his position in the company, he knew that if defendants did not take the stock they would regret it; that the doctor insisted upon his taking fifty shares or more; that witness said to him he did not have the faith in this enterprise that the doctor had, and unless the road was completed to the beach he would not have the stock as a gift.

The findings of the court show that the statements of Dr. Bailey, testified to by the defendant, were made without any fraudulent purpose; that the defendants were prevented from making any investigation by reason of the statement of the doctor that he was the secretary and director of the company, and owned a large amount of

stock therein, and from his position in the company he knew his statements were true, and that defendants could rely upon them; that the defendants believed the statements made by Bailey, and, relying upon them, were induced to make the note and agree to take fifty shares of the capital stock of the company.

We do not think that the facts shown by the record and found by the court constitute any defense to the action. The rule is well settled that statements concerning the happening of a future event cannot be relied upon to avoid subscriptions obtained by an agent of a corporation. Relating as they do to the probability or improbability of the happening of a future event, they must necessarily be matters of opinion merely. Morawetz states the proposition thus: " A statement made by an agent obtaining subscriptions for shares in a railroad company, to the effect that the proposed road would be built upon a certain route or within a certain period of time, would not render a subscription made upon the faith of it voidable, though the statement be made with the intention to deceive, and the road be not built upon the route or within the time indicated." (1 Morawetz on Private Corporations, sec. 98.) And a large number of cases are cited in support of the text. (See also Thompson on Stock, sec. 121.) It is unnecessary for us to indorse the rule thus stated to its full extent, because, as we have seen, the court expressly found that the representations of Dr. Bailey were not fraudulent.

The construction of the road to the ocean was no part of the consideration of the note; the findings negative the averment of the answer that the note was given " upon the express condition" that the railroad should be completed within ninety days. The matters relied upon, to be available as a defense, must be shown to have been a condition agreed upon by the parties. There is nothing in the cases cited by respondent inconsistent with the views we have expressed.

The fair import of the testimony is, that the representations referred to were the mere confident *expression of*

*opinion* of one member of the board of directors that the road would be completed within ninety days, and that the defendants, placing confidence in that opinion, executed the note in suit.

The judgment and order are reversed, and the cause is remanded for a new trial.

HARRISON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.