[No. 15884.     Department Two.—June 29, 1895.]

ZEILA O. HELLINGS ET AL., APPELLANTS, v. ELIZABETH A. HEYDENFELDT, RESPONDENT.

CONTEST OF WILL—AGREEMENT OF COMPROMISE—BREACH OF EXECUTORY CONTRACT—DAMAGES.—Where the heirs of a decedent instituted a contest of a will as against the surviving wife, and a compromise was agreed upon under mistake of the wife as to the amount of the estate, after the discovery of which mistake she gave notice of rescission of the agreement of compromise, whereupon the heirs continued the contest, in disregard of the executory agreement and without any *bona fide* or valid offer or tender of performance of the agreement of compromise on their part, they cannot, in an action upon the agreement of compromise, recover the amount agreed to be paid by the terms of the compromise, but, having broken the contract on their part, and not performed any of their covenants, a judgment against them, in an action for breach of the contract of compromise, will be affirmed, where no damage is alleged or proved to have grown out of the defendant's breach of the executory contract.

ID.—OBLIGATION TO PAY MONEY—CONSIDERATION—EXECUTORY CONTRACT —MEASURE OF DAMAGES FOR BREACH—PLEADING.—The measure of damages upon an obligation to pay money is not the amount due by the terms of the obligation, with interest thereon, unless the consideration has passed to the obligor; but, when the consideration has not passed, and the contract is executory on both sides, and the promisee has not done the things required of him to be done, nor made a *bona fide* or valid offer or tender thereof, so as to pass the consideration to the promisor, he can only recover the actual damages, if any, suffered by the repudiation of the contract by the promisor, and must plead such damages in order to recover the same.

CVII. CAL.—37

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.

The facts are stated in the opinion of the court.

*T. M. Osmont, C. P. Robinson, H. I. Kowalsky,* and *Joseph P. Kelly,* for Appellants.

Appellants were entitled to recover the specific sums of money named in the agreement, and no allegation of damage was necessary. (*Bartlett* v. *Odd Fellows' Sav. Bank,* 79 Cal. 218, 223; 12 Am. St. Rep. 139; Civ. Code, sec. 3302; *Riser* v. *Walton,* 78 Cal. 490; *O'Hanlon* v. *Denvir,* 81 Cal. 60; 15 Am. St. Rep. 19; *Webb* v. *Trescony,* 76 Cal. 623; *Blasingame* v. *Home Ins. Co.,* 75 Cal. 633; *Frisch* v. *Caler,* 21 Cal. 74.) Defendant's repudiation of the contract stopped plaintiffs from performance. (Civ. Code, secs. 1440, 1515.) Objections to the tender not specified were waived. (Civ. Code, sec. 1501; Code Civ. Proc., sec. 2076; *Morgan* v. *Stearns,* 40 Cal. 434.) The tender, as made, perfected plaintiffs' cause of action. (*Hill* v. *Grisby,* 35 Cal. 656; *Johnson* v. *Wygant,* 11 Wend. 48; *Green* v. *Reynolds,* 2 Johns. 207; *Jones* v. *Gardner,* 10 Johns. 266; *Gazley* v. *Price,* 16 Johns. 267; *Parker* v. *Parmele,* 20 Johns. 130; 11 Am. Dec. 253.) Compromise of family controversies are encouraged and favored in law. (*Mitchell* v. *Long,* 5 Litt. 71; *Bates* v. *Todd,* 4 Litt. 177; *French* v. *Shoemaker,* 14 Wall. 314; *Sargent* v. *Larned,* 2 Curt. 340; *Burkholder's Appeal,* 105 Pa. St. 31; *Loud* v. *Loud,* 4 Bush, 456; *Camoron* v. *Thurmond,* 56 Tex. 35; *Zane* v. *Zane,* 6 Munf. 406–12; *Flannagan* v. *Kilcome,* 58 N. H. 443; *Adams* v. *Sage,* 28 N. Y. 103; *Ham* v. *Hamilton,* 29 Ga. 40; *Clark* v. *Gamwell,* 125 Mass. 428; *Van Dyke* v. *Davis,* 2 Mich. 148, 149; *Mayhew* v. *Phœnix Ins. Co.,* 23 Mich. 105; *Bennett* v. *Payne,* 5 Watts, 261; *Williams* v. *Snead,* 3 Cold. 541; *Stover* v. *Mitchell,* 45 Ill. 215; *Fisher* v. *May,* 2 Bibb, 448; 5 Am. Dec. 626; Schouler on Domestic Relations,

3d ed., secs. 338, 342, 343, 480, 481; 9 Am. &. Eng. Ency. of Law, 110, tit. Guardian and Ward; *Luton* v. *Wilcox*, 83 N. C. 20, 26, 27; *Torrey* v. *Black*, 58 N. Y. 185; Civ. Code, 236, 247; Code Civ. Proc., secs. 1763–70.) The agreement of compromise was valid, and must be sustained without regard to the merits of the controversy. (*French* v. *Shoemaker, supra; Camoron* v. *Thurmond, supra; Mayhew* v. *Phœnix Ins. Co., supra; Ham* v. *Hamilton, supra; Adams* v. *Sage, supra; Eckert* v. *Flowery*, 43 Pa. St. 46; *Robb* v. *Graham*, 43 Ind. 1; *Bates* v. *Todd, supra; Mitchell* v. *Long, supra; Taylor* v. *Patrick*, 1 Bibb, 168; *Fisher* v. *May, supra; Van Dyke* v. *Davis, supra; Flannagan* v. *Kilcome, supra; Bennett* v. *Payne, supra; Doyle* v. *Donnelly*, 56 Me. 29; *Judge* v. *Wilkins*, 19 Ala. 765; *Chiares* v. *Brady*, 10 Fla. 133; *Maddox* v. *Simmons*, 31 Ga. 512; *Holmes* v. *Fresh*, 9 Mo. 200; *Stover* v. *Mitchell, supra; Williams* v. *Snead, supra.*) Where damages are in their nature impracticable of exact ascertainment the measure of damages for breach of the contract is a stipulated sum. (*Coffee* v. *Meigs*, 9 Cal. 363; *Baldwin* v. *Bennett*, 4 Cal. 392.)

*Knight & Heggerty*, and *Pierson & Mitchell*, for Respondent.

The complaint does not show a performance nor an excuse for nonperformance on the part of the plaintiffs. (*Daley* v. *Russ*, 86 Cal. 116, 117.) Only compensatory damages could be recovered. (Civ. Code, sec. 3300.) Compensatory damages must be alleged. (*Wainscott* v. *Occidental etc. Assn.*, 98 Cal. 255, 257; *Bohall* v. *Diller*, 41 Cal. 534; *Wainwright* v. *Weske*, 82 Cal. 193; Stephen's Pleading, 428.) A offer of performance is of no effect where the person making it is not willing to perform according to the offer. (Civ. Code, sec. 1495.) The offer was in bad faith and no objections were waived, the respondents having no opportunity to state the objection. (Civ. Code, sec. 1501.) An offer was pleaded and not an excuse for an offer. (*Daley* v. *Russ, supra.*)

McFARLAND, J.—This action was brought by the plaintiffs, who are children and heirs at law of Solomon Heydenfeldt, deceased, against the defendant, who is the surviving wife of said deceased, to recover various amounts of money alleged to be due plaintiffs by defendant upon a certain alleged written contract made by and between said parties. A demurrer, general and special, to the complaint was overruled; and, after answer and trial, the court made findings and rendered judgment in favor of defendant. Plaintiffs appeal from the judgment and from an order denying a new trial.

The main facts are these: The deceased, Solomon Heydenfeldt, left a will in which, after declaring that he had made provision for his children, he gave nearly all his property to the defendant herein for her life, providing, however, that she might dispose of the personal property during her life, and might by will distribute the real property among the children in such proportions as she might choose. The will was duly probated and letters issued to the executors named therein. Afterwards the plaintiffs herein filed in the probate court petitions for the revocation of the probate of said will, in which, among other things, they made serious charges against the character of the defendant—alleging that she was not the wife of the said deceased, that her children were not the children of the deceased, and that she was guilty of acts of unchastity and many other heinous offenses not necessary to be here repeated. Respondent was very much affected and troubled by these charges and sought Mr. Adolph Sutro, who had been a friend of her deceased husband, and asked him to endeavor to stop these proceedings of the appellants. She gave him her written authority to act in the premises, but on the same day she changed her mind and revoked said authority. Afterwards, in response to a letter from Sutro, she went to see him, and after a good deal of negotiation Sutro obtained from appellants a

written offer of compromise, of which the following is a copy.

" We, the undersigned, plaintiffs in the contested will case of Solomon Heydenfeldt, deceased, now pending in Department No. 9 of the superior court of the city and county of San Francisco, hereby agree to and do accept in full satisfaction the sum of sixty-five thousand ($65,000) dollars to be distributed as follows, to wit:

" To Zeila O. Hellings the sum of twenty thousand ($20,000) dollars, and the payment of a ten thousand ($10,000) dollar mortgage on her property.

" To Thomas O. Heydenfeldt the sum of five thousand ($5,000) dollars and the payment of a ten thousand ($10,000) dollar mortgage on his property.

" To Frederick O. Heydenfeldt the sum of five thousand ($5,000) dollars.

" To Ine O. Heydenfeldt the sum of five thousand ($5,000) dollars.

" To Solomon Heydenfeldt, Jr., the sum of ten thousand ($10,000) dollars.

" Simultaneously with the payment of said sum of sixty-five thousand ($65,000) dollars within thirty (30) days from this date we agree to withdraw the said complaint, and each individually agree to sign a release from all claims and demands against said estate and said defendants, each paying its own cost and lawyers' fees.

" We furthermore agree, upon the execution of the covenants herein contained, to sign a document withdrawing and recalling all charges of a personal character made in our complaint in the above-mentioned case.

" In case of failure on our part to faithfully carry out this agreement we each individually bind ourselves in the sum of ten thousand ($10,000) dollars, to be paid to the defendants in the above-mentioned case as accrued and forfeited damages.

" If no acceptance is made by Mrs. E. A. Heydenfeldt, the party defendant in the above-mentioned case, within

three days from date hereof, this instrument to be null and void.

"SAN FRANCISCO, November 7, 1891.

"ZEILA O. HELLINGS,
"FREDERICK O. HEYDENFELDT,
"THOMAS O. HEYDENFELDT,
"INE O. HEYDENFELDT.
"By THOMAS O. HEYDENFELDT, Guardian."

To this was attached the following:

"I hereby agree to the terms of the above instrument, and bind myself to pay the sum of sixty-five thousand ($65,000) dollars to the persons named therein within thirty days, provided that all of the conditions imposed upon the plaintiffs in the above-mentioned cause are faithfully carried out, and, on my failure to carry out the conditions imposed upon me in the above instrument, I agree to pay to the plaintiffs in the said cause the sum of ten thousand ($10,000) dollars as accrued and forfeited damages.

"SAN FRANCISCO, November 7, 1891."

To this latter writing the respondent signed her name on the same day—November 7, 1891—in the presence of said Sutro. After signing it, at her request, the following, written by Mr. Sutro, was added:

"I sign the confirmation of the above agreement with the understanding that I have already paid in cash twenty-five hundred ($2,500) dollars for the account of Solomon Heydenfeldt, Jr., and have given my obligation to pay seventy-five hundred ($7,500) dollars more, which covers the amount of ten thousand ($10,000) dollars payable under the above agreement to Solomon Heydenfeldt, Jr.

"SAN FRANCISCO, November 7, 1891.

"MRS. E. A. HEYDENFELDT.

"Witness: Adolph Sutro."

At the time respondent signed as aforesaid she and Mr. Sutro supposed that the property left by her deceased husband was of the value of from two hundred

thousand dollars to three hundred thousand dollars, and that if she failed to comply with the contract she at most would only be liable in the amount of ten thousand dollars. A few days afterward she was informed by the executors that she had agreed to pay more than her interest in the property was worth. The whole assessed valuation of the estate of the said deceased was only one hundred and seven thousand five hundred and forty-eight dollars and ninety cents, in which she had a life estate as aforesaid. On November 13, 1891—six days after the signing of said instrument—she served a written notice on appellants that she rescinded said instrument, and withdrew her acceptance thereof, and refused to perform or be bound by it, and released and absolved appellants from any compliance therewith. After the service of this notice appellants did not withdraw their said petitions in probate, or sign any release or document recalling said charges of a personal nature against respondent, nor did they make any attempt to offer to do so until the last of said thirty days mentioned in said contract; and in the mean time they continued to prosecute in the probate court their said petitions for the revocation of the probate of said will.

About 10 o'clock at night on December 7, 1891, the last of said thirty days, two men, who were clerks of the attorneys of some of the appellants, undertook to serve a certain paper on the respondent as she was going through the yard of her residence. She was frightened by the men, and ran away from them into her house. The paper was thrown after her, and was found in the yard the next morning. It is contended by appellants that this paper constituted an offer by appellants to perform their covenants contained in said contract of November 7th. This paper was not signed by any one of the appellants, but the paper was prepared, and the names of appellants signed to it, by persons who were merely the attorneys at law of some of said appellants, and who subscribed the paper as "their attorneys." The court below found that this paper was not on its

face an offer to perform the covenants of said instru-
ment of November 7th; that the same was not made in
good faith; and that it was not executed by appellants
in accordance with the provisions of said instrument of
November 7th; and in our opinion these findings were
correct.    Moreover, after this alleged offer, the appel-
lants continued the prosecution of said petitions in the
probate court as before.    On December 12, 1891, re-
spondent filed a petition for family allowance in said
probate court, and the appellant Hellings filed a written
opposition thereto, in which she averred, among other
things, that respondent was not the wife, and her chil-
dren not the children, of said Solomon Heydenfeldt,
deceased.    On January 30, 1892, an amendment was
made to appellant's petition, in which the averments of
the original petition were adopted and renewed.    On
January 21, 1892, appellants resisted respondent's motion
to dismiss the contest in the probate court, and in vari-
ous ways appellants prosecuted said contests to and after
the commencement of this action.    This contest in the
probate court was carried on by appellants for more than
a year after the commencement of this present action.

The court found that respondent, owing to her mental
and physical condition, was not competent to make the
said contract; but the record presents some embarrass-
ing questions as to the rulings of the court about the
admissibility of evidence on the issue of the compe-
tency of respondent, which, under our views of the case,
we do not deem it necessary to determine.    The court
also found that there was no authority for signing the
name of the infant, Ine O. Heydenfeldt, to the said con-
tract, and that the modification of the contract made by
the respondent was not accepted by the appellants, and
made a number of other findings, each of which, if cor-
rect, separately and independently supports the judg-
ment.    But that we will also pass over.

The complaint does not go upon the theory that ap-
pellants are entitled to the actual damages suffered by
respondent's repudiation of the contract—such dam-

ages as are ordinarily recoverable upon the breach of an executory contract. The action, though not technically such, is in the nature of an action for specific performance; that is, appellants sought to compel respondent to pay the full amounts of the exact sums of money specified in the contract, with legal interest from its date. They contend that the contract was "an obligation to pay money only," and that the damage is "the amount due by the terms of the obligation, with interest thereon," as expressed in section 3302 of the Civil Code. No damage is alleged or proven, but judgment is sought for the specific amounts of money mentioned in the contract, just as though the action were upon a promissory note. This is undoubtedly the rule when the consideration has passed to the obligor and he has given an absolute promise to pay. But when the consideration has not passed, when the contract is executory on both sides, when the promise of the obligor is contingent upon the performance of covenants by the other party, then the amount named to be paid is not by any means the absolute measure of damage for a breach of the contract. In such a case the amount named to be paid is not the measure of damage, unless the promisee has done the things required of him to be done, or has made a *bona fide* and valid offer and tender thereof, so as to pass the consideration to the promisor. If A promises to deliver to B within a certain time a certain number of tons of wheat, and B promises to pay to A upon such delivery ten thousand dollars, but afterwards notifies A that he will not comply with his contract, A may consider the contract broken and sue B for the actual damage, if any such he has suffered, and in such case the measure of damage would be the difference between the value of the wheat at certain different dates; or he may elect to consider the wheat as the property of B and take steps to pass him the title, in which event he may recover the whole amounts to be paid. (3 Parsons on Contracts, 223, et seq.) But he cannot keep the wheat and also recover the purchase price. In most of the

reported cases touching this question the subject matter of the contract has been property—real or personal; but the same rule obtains when the covenants of one of the parties to the contract is for personal acts or omissions. In the case at bar the appellants, after having received notice from respondent that she repudiated the contract, might have elected to recover of her the actual damage —if any such could be shown—which they suffered by reason of her withdrawing from the contract. But they could not recover the whole of the specific amounts of money stipulated in the original contingent promise of respondent while retaining the consideration for which that promise was made—that is, while refusing to carry out their covenants for personal acts and omissions provided for in the contract and continuing to prosecute their said petitions in the probate court and their charges against the respondent. That would be like the conduct of a vendor who sought to both keep the goods and recover the price.

Appellants contend that it was enough to offer to perform, and that, if their offer was not good, they were excused from making any offer by respondent's notice that she would not perform. Their complaint, however, rests upon an alleged offer and not upon an excuse for not making an offer. But it is clear that in this case appellants could not recover from respondent the specific amounts of money named (in principle, the purchase price) without performing their covenants, or making a *bona fide* offer and tender of performance, and remaining in a position to keep that offer and tender good. This they did not do. They did not perform any of their covenants; and their alleged tender of performance, in addition to defects hereinbefore noticed, was evidently not *bona fide*, and was not kept good. By continuing to prosecute the proceedings in the probate court they themselves broke the contract. They put it out of their power to perform their covenants, for they continued to do the things which those covenants restrained them from doing. They were like the vendor of wheat

who, while consuming the wheat himself, is suing the vendee for its price. For these considerations, without determining other questions in the case, we think that the judgment should be affirmed.

Judgment and order appealed from affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.