[Civ. No. 737. Second Appellate District.—November 3, 1909.]

## J. M. DICKINSON, Respondent, v. ZUBIATE MINING COMPANY, a Corporation, Appellant.

FOREIGN CORPORATION—SERVICE OF SUMMONS—MOTION TO QUASH—IN-SUFFICIENT AFFIDAVIT ON MOTION.—Where the articles of incorporation of a foreign corporation authorized it to do business in this state, and it was claimed to be doing business therein, and the affidavit of service of summons showed that it was made upon one who was its president and managing agent, and upon a subsequent motion to quash the service thereof a counter-affidavit by the person served, speaking only of the date of the motion, that "affiant

*is not* a managing agent, nor business agent, nor any agent or cashier, or secretary of such corporation," is not sufficient as a basis of the motion to quash.

ID.—CONFLICTING AFFIDAVITS—DENIAL OF MOTION TO QUASH—REVIEW UPON APPEAL.—Where, at the hearing of the motion to quash, another counter-affidavit was allowed to be filed, which conflicted with the affidavit of service of the summons, the determination by the court below upon the substantial conflict of evidence on the issue of fact thus joined will not be disturbed upon appeal.

ID.—NECESSITY OF "DOING BUSINESS" IN STATE—COUNTER-AFFIDAVIT—GROUND NOT INCLUDED IN MOTION —WAIVER OF OBJECTION.—Although it is required in section 411 of the Code of Civil Procedure that a foreign corporation must be "doing business" in this state, to justify service of summons upon it through its managing agent; and although the counter-affidavit on the motion to quash the service states that it was not doing business in this state at the time of service, yet such objection may be waived, and is waived, by failure of the corporation defendant to state the same as a ground of its motion to quash the service, and to give notice thereof, as required by section 1010 of the Code of Civil Procedure.

ID.—SUFFICIENCY OF COMPLAINT—RECOVERY OF MONEY ON CONDITIONAL PURCHASE OF MINING STOCK.—A complaint which alleges a conditional purchase of mining stock of the defendant corporation, under an express agreement that if plaintiff was dissatisfied with the purchase after examination of the mining property, the company would repay and refund the price of the mining stock, and which alleges such examination and dissatisfaction, and a tender of return of the stock, on demand of payment, and prays judgment for the money paid with interest, states a cause of action and a demurrer thereto was properly overruled.

ID.—TENDER OF STOCK SUFFICIENT—ACCEPTANCE NOT REQUIRED—DUTY OF OBLIGOR.—The tender of the return of the stock, if necessary, left nothing further to be done by the plaintiff. It is immaterial whether or not the defendant accepted such tender to complete the cause of action. The consideration had passed to the obligor, and its only duty, under the cause of action stated, was to repay the sum of money as agreed.

ID.—MEASURE OF DAMAGE FOR BREACH—MONEY DUE WITH INTEREST—AVERMENT OF DAMAGE UNNECESSARY.—The case stated is within the provision of section 3302 of the Civil Code, which provides that the detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation with interest. But the plaintiff having alleged that defendant promised to pay a specified sum for which judgment is prayed, it was not necessary to allege that plaintiff was damaged in said sum.

11 Cal. App.—42

ID.—VALUE OF STOCK IMMATERIAL.—The value of the stock purchased was immaterial to the cause of action for repayment under the terms of the contract, which did not depend upon such value.

ID.—MODIFICATION OF CONTRACT—EXTENSION OF TIME—PROVISION FOR ASSESSMENT—ORIGINAL TERMS RETAINED—DEMURRER NOT TENABLE. The fact that the complaint sets forth a modification of the original agreement in extending the time to require payment for the stock, and providing for payment of an assessment levied and repayment of both sums with interest, does not show that the original agreement as to the stock was released nor require the demurrer to the complaint to be sustained.

ID.—SUPPORT OF FINDINGS—NONSUIT PROPERLY DENIED.—It is held that the evidence supports the findings for plaintiff and against the defenses set forth in the answer, and that plaintiff's evidence was amply sufficient to justify the court in denying defendant's motion for a nonsuit.

ID.—NATURE OF ORIGINAL TRANSACTION—CONDITIONS IN CONTEMPORANEOUS WRITTEN CONTRACT—CONSIDERATION—LEGALITY.—The original transaction was a conditional purchase of stock, the conditions of which were set forth fully in a fair and open written contract contemporaneous with the purchase, setting forth fully the conditions thereof, as part of the transaction. The purchase price paid was a sufficient consideration for the promise to repay, if the purchaser was dissatisfied after examination. In the absence of the rights of creditors, such contract was legal and enforceable against the corporation according to its conditions.

ID.—CONSIDERATION FOR MODIFIED AGREEMENT—PAYMENT OF ASSESSMENT.—The modified agreement extending the time for requiring repayment for the original stock, after the same had been demanded under the original agreement, and agreeing to repay that amount and to repay the amount of the assessment which was then to be paid, with interest on each amount, was supported by the amount of the assessment in the sum of $200 then paid.

ID.—MODIFIED AGREEMENT SUBJECT TO RATIFICATION—LACHES—RETENTION OF MONEY—ESTOPPEL.—Though the modified agreement signed by the corporate authorities was made subject to ratification by the directors, yet where, after presumed knowledge of the agreement and continual retention of the $200, paid as consideration therefor, they delayed for more than seven months to act upon the matter, and not until after the six months' extension granted had more than elapsed, and only when six weeks thereafter plaintiff demanded repayment, which they refused, and then for the first time assumed to act and disaffirm the agreement, the corporation is estopped from pleading want of ratification by its directors as a defense to the modified agreement.

APPEAL from a judgment of the Superior Court of Los Angeles County.    W. P. James, Judge.

The facts are stated in the opinion of the court.

Shankland & Chandler, for Appellant.

H. E. Guthrie, E. Sharp, and Leonard B. Slosson, for Respondent.

SHAW, J.—Action to recover a sum of money paid in the purchase of mining stock, which purchase was made under an agreement for the repayment of the same.    Judgment went for plaintiff, from which defendant appeals upon the judgment-roll accompanied by bill of exceptions.

Defendant was a foreign mining corporation authorized by its articles of incorporation to transact business in California. It is alleged in the complaint that at the time of the filing thereof and at all times mentioned therein defendant was engaged in the transaction of business in said state; that on December 7, 1903, plaintiff and defendant entered into an agreement whereby plaintiff purchased from defendant one thousand shares of its capital stock for the sum of $3,500, the defendant on its part agreeing that in consideration of such purchase defendant would, on demand of plaintiff, after the latter had inspected and examined defendant's mining property situated in the Republic of Mexico, repay and refund to him the purchase price of such stock; that pursuant to this agreement plaintiff paid the $3,500, and defendant issued to him a certificate for said one thousand shares of stock; that as a result of his inspection of the property plaintiff was dissatisfied with such purchase, and on January 13, 1904, tendered to defendant the redelivery of the stock and demanded repayment of the purchase price thereof; that pending negotiations for settlement, and on March 12, 1904, the parties entered into another agreement, as follows:

"San Francisco, Cal., March 12th, 1904.
"To Whom It May Concern:
"This agreement made and entered into the above date, between the Zubiate Mining Company of San Francisco and Mexico, party of the first part, and J. M. Sharp and J. M.

Dickinson of Saticoy, California, the parties of the second part.

"Witnesseth: That whereas the said parties of the second part, on or about December 7th, 1903, paid to the Zubiate Mining Company, three thousand five hundred (3500) dollars each; said payment being for one thousand (1000) shares of stock in said company, with an agreement that said Zubiate Mining Company would refund the money in case, after examination, said parties were not satisfied with the character of the mines, and

"Whereas said parties have made a demand upon the company to have the said amount refunded, and

"Whereas said company has levied an assessment of twenty (20) cents per share on the stock of said company, which assessment is now due and payable.

"Therefore, it is hereby agreed that said parties of the second part will pay the amount of the said assessment and the Zubiate Mining Company will agree to refund said amount of three thousand five hundred ($3500) dollars to each of said parties; also the assessment of two hundred dollars ($200) to be paid by each of the parties, together with interest at eight (8) per cent per annum from December seventh, 1903, on the principal, and from March 12th, 1904, on the assessment, six (6) months from date hereof, provided said parties of the second part elect to accept such refund at that time in lieu of the one thousand (1000) shares of stock held by each.

"ZUBIATE MINING COMPANY,

"By DREW R. OLIVER, President,

"J. R. KENNY, Secretary.

"Subject to the ratification of the board of directors.

"J. M. SHARP,

"J. M. DICKINSON."

That pursuant to the terms of said agreement plaintiff paid to defendant an assessment of $200, and at the expiration of the six months specified in the agreement plaintiff notified defendant that he elected to accept a refund of the money so paid as provided in the agreement, and demanded that defendant pay to him the sums of money specified in the agreement pursuant to the terms thereof; and thereupon tendered the redelivery of the one thousand shares of stock to defend-

ant, but defendant refused to accept the same or to repay said
sums of money and interest thereon; that at all times plaintiff
was ready, able and willing to return said stock to defendant.

Defendant denied all the allegations of the complaint other
than the payment to it of said sums of money so alleged to
have been paid in the purchase of the stock and payment of
the assessment thereon, and admitted that it had refused to re-
pay the same.

As a further defense to the action, defendant alleged: 1.
That the several agreements set forth in the answer were
without consideration and void: 2. That defendant had no
power or authority to make or enter into said contracts or
either of them; and 3. That any rights which plaintiff may
have had by reason of such agreements were lost by reason
of his laches in failing to act thereunder within a reasonable
time.    The finding of the court as to all the issues was in
favor of plaintiff, the judgment followed as prayed for in
complaint.

Appellant contends that the court erred in denying its mo-
tion to quash the summons.    As shown by the affidavit of the
party serving the summons upon defendant, such service was
had on January 13, 1906, in Los Angeles county, "by de-
livery to and leaving with George A. Hart, the president and
managing agent, within the state of California, of said cor-
poration . . . a copy of said summons," etc.    Thereafter,
defendant moved to quash the summons and set aside the ser-
vice thereof upon the grounds, among others unnecessary to
mention, that said corporation was organized under the laws
of South Dakota, and "that said George A. Hart *is not a*
managing agent, or business agent, or any agent, or cashier, or
secretary of said defendant corporation."    The notice of mo-
tion specified that it would be made upon the complaint and
an affidavit of George A. Hart, which was sworn to on Janu-
ary 20, 1906, wherein it was averred that "affiant *is not a*
managing agent, nor business agent, nor any agent, nor
cashier, nor secretary of said corporation."    Reference to the
motion as made discloses that it was not made upon the ground
that Hart *was not* managing agent, cashier or secretary of
the corporation at the time, to wit, January 13, 1906, when
service was had upon the corporation, but at a time subsequent
thereto; nor does this affidavit of Hart, sworn to on January

20th, from which it appears that he *was not* on that date the managing agent, etc., negative or tend to prove that he was not on January 13th the managing agent in California of defendant. Neither the motion nor affidavit is directed to the *time* of the service of the summons.

At the hearing of the motion another affidavit of Hart was submitted, where it was averred that he never had at any time been the managing agent of defendant corporation. Regarding this as having reference to and covering the time when service was made of the summons, and conceding the motion to have been directed to such time, it is sufficient to raise an issue of fact as to which there is a conflict between the affidavits of Hart and the person making the affidavit of service; as to which, like any other fact in dispute, this court will not disturb the finding of the trial court when there is a substantial conflict of evidence.

Conceding our position thus far to be correct, appellant, nevertheless, contends that it is shown by Hart's affidavit, which as to such fact is uncontradicted, that defendant was not at the time of service either actively or otherwise engaged in transacting business in California. That a foreign corporation must be "doing business" in this state to justify service upon it through a managing agent, is required by section 411, Code of Civil Procedure. (See, also, *Jameson* v. *Simonds Saw Co.,* 2 Cal. App. 584, [84 Pac. 289].) Such objection to service of process, however, may be waived, and inasmuch as this was not made one of the grounds of the motion and notice thereof given, as required by section 1010, Code of Civil Procedure, defendant must be deemed to have waived any objection to service based upon such ground. We therefore conclude the court did not err in its ruling upon the motion to quash the summons and vacate the service thereof.

Defendant contends that its demurrer should have been sustained, upon the ground that the complaint failed to state a cause of action. The sole purpose of the action was to recover from defendant the sums of money agreed to be repaid in accordance with the terms of the agreements. The tender of the return of the stock, if such tender was necessary, left nothing to be done by plaintiff. The consideration had passed to the obligor, and the only duty imposed upon defendant was the obligation to repay the sums of money specified. (*Hel-*

*lings* v. *Heydenfeldt,* 107 Cal. 577, [40 Pac. 1026].) This
fact brings the case within the provision of section 3302, Civil
Code, which provides that, "the detriment caused by the
breach of an obligation to pay money only is deemed to be the
amount due by the terms of the obligation, with interest
thereon." As said in *Bartlett* v. *Odd Fellows' Bank,* 79 Cal.
218, [12 Am. St. Rep. 139, 21 Pac. 743] : "When the plain-
tiff, as here, alleges facts to exist, which, if proved, would en-
title him to recover the sum of money he demands from the
defendant, he has shown, so far as the recitals of the com-
plaint can, that he has sustained damages." Having alleged
that defendant had promised to pay a specified amount for
which judgment is prayed, it was unnecessary to allege that
plaintiff had been damaged in such sum. (*Bank of British
Columbia* v. *Port Townsend,* 16 Wash. 450, [47 Pac. 896].)
The value of the stock was immaterial for the reason that
plaintiff's right to repayment did not depend upon its value;
and as to the cause of action, it is likewise immaterial whether
or not defendant accepted plaintiff's tender of a return of
the stock. The second agreement extended the time within
which plaintiff might demand performance of the obligation
to repay the purchase money, and also provided for the pay-
ment of interest thereon and repayment of the assessment.
To such extent the first agreement was modified. Such modi-
fication, however, could not have the effect of releasing de-
fendant from the terms of the first agreement. There was
no error in the ruling of the court upon the demurrer.

The court found against the special defenses set up in the
answer. It is contended that such findings are unsupported
by the evidence, and that the court should have granted de-
fendant's motion for a nonsuit. It is unnecessary to quote
the evidence; suffice it to say, an examination of the record
satisfies us that it is ample to justify the ruling of the court
in denying defendant's motion for a nonsuit and fully sup-
ports the findings. The transaction did not constitute an un-
conditional original subscription to the stock of defendant,
but was a conditional purchase of stock, which the evidence
tended to show had been theretofore issued to another and
by him returned to the company. The purchase was made
upon conditions fully set forth in a written contract which
was contemporaneous with and part of the transaction of

purchase. (*Jefferson* v. *Hewitt*, 95 Cal. 535, [30 Pac. 772].) Nor was the agreement secret. On the contrary, it appears from the evidence of witness Sharp that early in January, at least, plaintiff was, through him, advised by the secretary of the company that "they had a copy of the agreement in the office, and that the matter would be presented to the board of directors at the next meeting." Neither was there any want of consideration. The purchase price paid subject to the conditions contained in the agreement was a sufficient consideration for defendant's promise to repay if plaintiff, after inspection of the property, was dissatisfied therewith. In the absence of the rights of creditors being involved, and none appear, we perceive no reason why this agreement should not be enforceable against the corporation. (*Vent et al.* v. *Duluth Coffee & Spice Co.*, 64 Minn. 307, [67 N. W. 70].) Says Mr. Cook in his work on Corporations (sec. 83) : "Instead of subscribing for stock, a party may make a contract with a corporation to take the stock with the right to return it and receive back the purchase price within a certain time. Such a contract is legal, and the stock may be returned and the money recovered, if corporate creditors' rights do not intervene."

This being true, the extension of time for repayment and the payment of $200 on account of the assessment furnishes ample consideration for the contract dated March 12, 1904, whereby defendant agreed to repay both sums with interest thereon at the expiration of six months, if plaintiff elected to demand the same. It is true this agreement was made subject to ratification by the board of directors, and appellant contends that the board failed to ratify it. Through its president and secretary the corporation must be deemed to have had notice of the agreement at the time of the making thereof. It appears from the minutes of the proceedings of its board of directors that it was formally submitted to the board for action on May 9, 1904. No action, however, was taken thereon until October 21, 1904, nearly six weeks after plaintiff, at the expiration of the time specified in this agreement, had made formal demand for repayment, which demand defendant then refused and by its formal resolution disaffirmed the agreement. Conceding this contract so made on behalf of the corporation to have been unauthorized, never-

theless, it was one which it had authority to make, and its failure to disaffirm the same for more than seven months after notice thereof, coupled with the fact that it retained the $200 paid thereunder, if not a technical ratification of the contract, was, nevertheless, sufficient to estop the corporation from pleading want of ratification as a defense. (Clark & Marshall on Private Corporations, secs. 716d and 716c; *Phillips* v. *Sanger Lumber Co.,* 130 Cal. 431, [62 Pac. 749] ; *Curtin* v. *Salmon River etc. Co.,* 141 Cal. 308, [99 Am. St. Rep. 75, 74 Pac. 851] ; *Blood* v. *La Serena L. & W. Co.,* 113 Cal. 221, [41 Pac. 1017, 45 Pac. 252].)

The judgment is affirmed.

Allen, P. J., and Taggart, J., concurred.