[Civ. No. 6973. First Appellate District, Division One.—January 22, 1930.]

EDWARD J. VARNI, Respondent, v. ANGLO-AMERICAN LAND CO. (a Corporation) et al., Appellants.

B. S. Gregory for Appellants.

Melvyn I. Cronin for Respondent.

THE COURT.—This action was brought to recover for services alleged to have been performed by plaintiff's assignor at the request of the defendants. The court found for the plaintiff. The defendants have appealed from the judgment and contend that the findings are not supported by the evidence.

' The evidence shows without dispute that the corporation defendant was controlled by the individual defendants, who are its officers, and that the title to certain real property, upon which was situated a dwelling-house, stood in its name. According to the testimony of A. W. Wronski, plaintiff's assignor, who was by trade a decorator, he applied to defendants for employment. He was told that the house mentioned was to be remodeled, and it was then suggested that he purchase the property for $32,000, subject to certain encumbrances thereon. This offer was declined, but after some negotiations it was agreed that he should superintend the work to be done at a daily wage of ten dollars; that his wages should be retained by defendants until he decided whether he would purchase the property, in which event they were to be applied on the purchase price. When the work of remodeling, with the exception of the installment of the electric fixtures, was finished he de-

cided not to purchase and demanded his wages. His claim was admitted, and he was then offered certain lots in payment, which he refused. The defendants denied that they promised to pay for the work as alleged, but asserted that Wronski agreed to purchase the property; that the expense of remodeling was to be advanced by them and charged to Wronski, whose work in that connection was done on his own account and not otherwise. Defendants further testified in effect that they were ready, willing and able to convey as agreed, but that Wronski refused to complete the deal. The latter's testimony as to his agreement with the defendants, the admission that his claim for wages was correct and the offer to convey certain lots in payment was corroborated by other witnesses.

The court impliedly found that the contract was as testified to by Wronski, and it was also found that the agreed and reasonable value of his services was ten dollars per day, aggregating the sum of $1770. The testimony which the court believed was sufficient to support these findings, and, the evidence being conflicting, the findings cannot be disturbed on appeal.

Defendants insist that the evidence does not sustain the judgment against the individual defendants. It sufficiently shows that the corporation was but an instrumentality for the transaction of the business of these defendants. Under such circumstances they are held to the same rules of accountability as the corporation (*Minifie* v. *Rowley*, 187 Cal. 481 [202 Pac. 673]; *Williamson* v. *Marshall*, 54 Cal. App. 24 [200 Pac. 1058]; *Campbell* v. *Hanford*, 67 Cal. App. 155 [227 Pac. 234]).

We find no merit in the appeal, and the judgment is accordingly affirmed.