[No. 6726.  Decided January 20, 1908.]

Gus Johnson, *Respondent*, v. Great Northern Lumber Company, *Appellant.*[1]

Appeal—Review—Verdict.  A verdict approved by the trial judge will not be disturbed on appeal because against the testimony of a witness not directly contradicted; since his credibility was for the jury.

Master and Servant—Relation—Independent Contractor—Evidence—Sufficiency.  The evidence sufficiently supports a finding that a person was not an individual contractor, and the master is liable for his negligence in blasting for an excavation, where evidence as to his contract was incomplete, the contract providing that the master should furnish all the powder, tools, and helpers for doing the blasting, without any restrictions as to the amount or cost thereof, and lacked such essential matters as to tend to impeach its good faith.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered November 19, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee in a sawmill through the negligent firing of a blast.  Affirmed.

*Kerr & McCord*, for appellant.

Fullerton, J.—The respondent brought this action to recover for personal injuries received by him while in the employ of the appellant and which he alleges were caused by the negligent acts of persons for whose acts the appellant is responsible.  The undisputed evidence is, that the appellant was engaged in the operation of a sawmill, and that the respondent was one of its employees; that the appellant desired to enlarge its mill, and employed one Veratt to excavate some earth and rock that were in the way of the installation of some additional boilers; that Veratt undertook to remove the rock by blasting, and in so doing fired a blast without notice to re-

[1] Reported in 93 Pac. 516.

spondent and while respondent was in the mill adjoining engaged in his usual occupation; that the blast threw great quantities of the broken rock into the air, some of which came down through the roof of the mill and struck the respondent, severely and permanently injuring him.    The appellant defended on the ground, among others, that Veratt was an independent contractor, and that the negligence which caused the respondent's injury, if any negligence there was, was Veratt's negligence, for which Veratt alone is responsible, and for which the appellant is not liable.    The appellant's superintendent testified that he made the contract with Veratt for removing the rock, and that the contract was to the effect that Veratt should do the work on his own responsibility, being responsible to the appellant only for its results.    At the conclusion of the case the appellant challenged the sufficiency of the evidence, and moved the court to discharge the jury and enter judgment in favor of the appellant.    The challenge and motion were denied, and the cause was submitted to the jury under an instruction to the effect that if they found that Veratt was an independent contractor the appellant was not responsible for any injury occurring because of his negligent acts.    The jury returned a verdict in favor of the respondent for $3,000, on which judgment was afterwards entered.    This appeal was taken from the judgment so entered.

The appellant contends that there was no contradiction, either directly or indirectly, of the evidence on its part tending to show that Veratt was an independent contractor, and that in consequence the court erred in submitting the question to the determination of the jury, and that it is entitled for that reason to a reversal of the judgment by this court with a direction to the court below to enter judgment in its favor.    The appellant does not complain that there was any error in the court's instruction defining an independent contractor.    On the contrary, it quotes the instruction in its

brief in full, and expressly states in its comment thereon that it correctly states the law. It bases its claim of error entirely on the fact that its evidence on this particular point was wholly uncontradicted. But it seems to us that if we concede that the appellant's witness did testify to facts sufficient to show that Veratt was an independent contractor, and that there is nothing on the face of the record that directly contradicts him, it still would be going too far for this court to reverse the cause and direct a judgment in favor of the appellant.

There still remains the question of the credibility of the witness. This was a question peculiarly within the province of the lower court and the jury to determine. They had the witness before them. They could observe his conduct upon the witness stand, his apparent frankness or lack of frankness, and his demeanor generally. These matters are not depicted in the record, and this court is without opportunity to know how far the witness's credibility was affected by them. When, therefore, the trial judge and the jury both find that his evidence was not sufficient to overcome the case made by the respondent, this court ought not to interfere with their finding.

But we think the record itself discloses matters that suggest, to say the least, the improbability of the witness's story. The contract as related by the witness was singularly incomplete. The contract provided that the appellant should furnish the powder, the tools, and such helpers as Veratt might require in the performance of the work at its own cost and expense, and fixed Veratt's compensation at a given sum, yet it placed no limitation whatever on the quantity of powder, the character of the tools, or the number of helpers Veratt might lawfully exact under it. It provided also that Veratt might hire and discharge his helpers, but was silent as to the wages he might lawfully contract on the appellant's behalf to pay them. It may be that in a contract of this nature a reasonable limitation would be implied as to the matters not ex-

pressly stipulated for, but this does not meet the point. The lack of agreement in matters so essential tends to impeach the good faith of the contract; it leads to the conclusion that it was either a mere subterfuge to avoid liability on the part of the appellant, or that it was an afterthought on the part of the witness. Veratt was dead at the time of the trial, but it is in the record that he had no very high regard of the obligation he assumed by virtue of the contract. He worked on the job at most only a day and a half before the accident and quit the morning after.

But it is needless to discuss the matter further, the judgment should be affirmed, and it will be so ordered.

HADLEY, C. J., RUDKIN, MOUNT, and CROW, JJ., concur.