[No. 5699. Decided March 18, 1909.]

KING COUNTY, *Appellant*, v. CHARLES F. WHITTLESEY *et al.*,
*Respondents.*[1]

BONDS—OFFICIAL BONDS—ACTIONS—SHORTAGE DURING SUBSEQUENT TERM—EVIDENCE—RELEVANCY—COUNTY TREASURERS. In an action upon the official bond of a county treasurer covering his first term of two years, to recover for a shortage during such term, books, records and accounts showing an entirely separate shortage during a second term following the first, are primarily irrelevant and inadmissible as proof of, or in corroboration of, the first term shortage; but their contents tending to explain certain items testified to on examination-in-chief are competent, if confined to throwing light on the first term.

SAME—EVIDENCE—CROSS EXAMINATION OF EXPERT. In an action upon an official bond, where the official's shortage rests upon the evidence of an expert accountant, cross-examination to discredit the witness and show mistakes in his accounting is legitimate, although going into matters of defense at variance with the theory permitted the plaintiff.

APPEAL—REVIEW—FINDINGS—CREDIBILITY OF WITNESS. In an action at law tried before the court without a jury, a finding of the trial court as to the credibility of a witness, who was discredited by cross-examination, will not be reversed on appeal, unless clearly against the evidence.

TRIAL—NONSUIT—CREDIBILITY OF WITNESS—PROVINCE OF COURT. Although the evidence of a witness for plaintiff makes out a *prima facie* case, the trial court sitting without a jury is not bound to believe the witness, and may grant a nonsuit where, on cross-examination, the witness was shown to be unreliable.

Appeal from a judgment of the superior court for King county, Wilmon Tucker, Esq., judge *pro tempore*, entered August 2, 1904, upon granting a nonsuit, after a trial before the court without a jury, dismissing an action upon an official bond. Affirmed.

*Kenneth Mackintosh* and *R. W. Prigmore*, for appellant.
*Bausman & Kelleher*, for respondents.

[1]Reported in 100 Pac. 320.

MOUNT, J.—This action was brought by King county against C. F. Whittlesey, ex-county treasurer of the county, and the sureties on his official bond, to recover an alleged shortage of funds during his first term as treasurer. The shortage was alleged at $28,004.94. The case was tried to a judge *pro tempore*, without the intervention of a jury. After the county had introduced its evidence and rested its case, the defendants moved the court for a nonsuit. This motion was granted, upon the ground that the evidence of a shortage was "incorrect and unreliable in such a multitude of particulars that it could not be considered as an evidence of any shortage in the case."

It appears that Mr. Whittlesey was county treasurer of King county for two terms of two years each. The first term began on January 14, 1897, and ended on January 7, 1899. The second term began on January 7, 1899, and ended on the second Monday in January, 1901. During the last year of Mr. Whittlesey's incumbency of the office, the county employed a Mr. Grant, an expert accountant, to examine the books, papers, and records of the office. Mr. Grant, after several months at the work, made a statement and report to the effect that the treasurer was short in his accounts, in the sum of $28,004.94 for the first term, and some $10,000 for the second term. Thereafter two actions were begun against Mr. Whittlesey and the sureties on his official bonds, this action being the one against Mr. Whittlesey and forty-six others who were sureties on the official bond during his first term, the other action being against Mr. Whittlesey and a surety company. While these two actions were pending, a settlement was made in the last-named case, and it was dismissed.

Errors are assigned by the appellant as follows: (1) The court erred in refusing to permit appellant to introduce the books, records, and accounts relating to the second term, for the purpose of showing the actual condition of the whole

period of four years, as proof of and in corroboration of the first term shortage; (2) the court erred in permitting respondents, over appellant's objections and on cross-examination, to go into the second term books, records, and accounts, after appellant had been expressly forbidden to go into the same matters on direct examination; (3) that the court erred in permitting respondents, over appellant's objections and on cross-examination of the appellant's witnesses, to introduce evidence and go into matters of defense strictly upon a theory wholly at variance with and antagonistic to the one permitted appellant; (4) that the court erred in granting the nonsuit and entering judgment of dismissal thereon.

We think the court did not err in any of these particulars. The books relating to the second term of two years were not necessarily connected with the first term, and were primarily irrelevant to make a case against the respondents for a shortage in the first term. The contract of suretyship upon the official bond for the second term was entirely different, and the sureties were different, from those of the first term; and therefore whatever occurred in the second term was irrelevant to this case, except perhaps it might become material in explanation of disputed items or in cross-examination of the witnesses. The shortages for the two terms were entirely separate, and a shortage in one would not necessarily prove a shortage in the other. An accountant testified positively on direct examination that the shortage shown by the books in the first term amounted to the sum alleged, and had not been made up by the treasurer. This, of course, made a *prima facie* case in favor of the appellant. The contents of these books were used by respondents in cross-examination, as tending to explain certain items testified to in chief. We think they were properly used for that purpose, and the trial court so ruled when he said:

"The second term is only material in this case for the purpose of showing the actual condition of the accounts during

the first term. . . . I want it confined during the second term to anything that will throw light on the first term."

The whole case of appellants rests upon the evidence of the witness Grant. His testimony was long. It involved hundreds of items. It extends over more than one thousand pages of the record, mostly taken up in cross-examination, calculated to show errors in his statement and report. We think the respondents, under the examination-in-chief and under the denials in the answer, had a right to show these errors by that witness. They certainly had a right to discredit the witness if they could by cross-examination, and show that he had made mistakes in his reports, or that they were incorrect. The cross-examination is legitimate, and we find no error therein.

It is next argued that the court erred in granting the nonsuit. This requires a consideration of the evidence. The trial court, who saw and heard the witness upon whose evidence the appellant wholly relied, and who was required to pass upon the credibility of the witness, in deciding the case, stated:

"Mr. Grant's report was relied upon solely and it has been shown to be incorrect and unreliable in such a multitude of particulars that it ought not to be considered as evidence of any shortage in this case."

This shows that the trial court, whose duty it was to weigh the evidence in the light of the credibility of the witness, was not satisfied to base a judgment thereon. We have frequently held in such cases that we will not reverse the finding of the trial court unless clearly against the evidence. *Duteau v. Barto,* 48 Wash. 207, 93 Pac. 220; *Johnson v. Great Northern Lumber Co.,* 48 Wash. 325, 93 Pac. 516. While the direct evidence of the witness made a *prima facie* case, his cross-examination showed conclusively that there were many errors in his report, and that it was therefore unreliable. Under these conditions, the court was not

bound to believe the witness or to rely upon the statements or reports made by him.

The judgment must therefore be affirmed.

CROW, DUNBAR, CHADWICK, and GOSE, JJ., concur.

FULLERTON, J., concurs in the result.