[No. 17804. Department Two. September 12, 1923.]

H. F. WILLIAMS, *Respondent,* v. YELLOW PINE BOX & LUMBER COMPANY, *Appellant.*[1]

BROKERS (28)—CONTRACTS AS TO COMPENSATION—COMMISSIONS ON COLLECTIONS—FAILURE TO COLLECT. A broker is entitled to commissions for the sale of stock, under a contract calling for fifteen per cent of the purchase price "so paid to the company for said shares," under subscription contracts requiring payment of subscriptions to be made at such time as the trustees may require, whether the whole subscriptions were paid or not, the company having failed to require the payments to be made.

SAME (14)—PERFORMANCE—EVIDENCE—SUFFICIENCY. A broker is not entitled to a commission for the sale of stock made after the expiration of the contract.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Chelan county, John E. Porter, judge *pro tempore,* entered April 4, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*M. F. Gose,* for appellant.

*R. S. Ludington,* for respondent and cross-appellant.

PEMBERTON, J.—This is an action by respondent to recover the sum of approximately $7,000 for commissions for the sale of preferred stock of the appellant company and for the appointment of a receiver.

The appellant company was incorporated for $400,000, $225,000 common stock, and $175,000 preferred stock. George H. Gray & Son are the owners of all of the common stock. The proceeds of the sale of the preferred stock were to be used in the operating expenses of the company. The respondent, Williams,

[1]Reported in 218 Pac. 245.

at the time of the incorporation of the appellant company; was engaged to sell the preferred stock on a fifteen per cent commission of the purchase price paid to the company, the material part of the contract being as follows:

"Now, THEREFORE, pursuant to authority heretofore vested in the officers of the Company by the Board of Trustees of the Company, the Company does hereby employ Mr. Williams to sell the preferred stock of the Company on the terms herein set forth.

"IT IS AGREED between the parties hereto that Mr. Williams shall engage diligently in the business of securing purchasers for said preferred stock at the rate of $100 per share, and that in consideration therefore the Company does hereby grant to Mr. Williams the exclusive right to sell said stock for a period of one year from the date hereof. On all sales made by Mr. Williams, he shall receive a commission of fifteen per cent of the purchase price so paid to the Company for said shares."

The purchasers of the stock sold by respondent signed the following stock subscription agreement:

We the undersigned hereby subscribe for and agree to take the number of shares of convertible 8 per cent cumulative Preferred stock set opposite our names in the 'Yellow Pine Box & Lumber Company' and to pay the par value of the shares so subscribed to the corporation at such time and in such manner as may be required by the Board of Trustees of such corporation.

| Name of Subscriber. | No. of Shares. | Par Value. |
|---|---|---|
| C. C. Williams | 10 Preferred | $1,000.00 |
| C. E. Buttles | 5 Preferred | 500.00 |
| A. E. Case | 60 Preferred | 6,000.00 |
| M. B. Howe | 50 Preferred | 5,000.00 |
| John A. Gellatly | 20 Preferred | 2,000.00 |
| Robert Kinzel | 10 Preferred | 1,000.00 |
| Entiat Delta Orchards, By J. T. Kennedy, Sec'y | 100 Preferred | 10,000.00 |
| George D. Brown | 50 Preferred | 5,000.00 |

Of the above subscription, A. E. Case paid $1,000 and C. C. Williams paid for and received all but two

shares, leaving $200 of his subscription unpaid for. The other subscribers, at the time of the trial of this action, had not paid their stock subscriptions.

Mr. Case, Mr. Gellatly, Mr. Buttles, Mr. Howe and Mr. Kinzel have been trustees and active in the organization and management of the company from March 4, 1920. C. E. Gray was the general manager and treasurer of the company.

The minutes of the meeting of the board of directors show that, on March 4, 1920, the company authorized the renewal of the contract with respondent. In January, 1921, the appellant claimed that respondent was in default in the amount of $3,759.05. This action was instituted by respondent for an accounting, and resulted in judgment being entered against appellant in the amount of $2,410.30, from which judgment this appeal is taken.

The contention seems to be whether or not respondent is entitled to his commissions for the sale of the stock shown in this stock subscription list, and the court found for the respondent in the amount of $4,230 and entered judgment for this sum less the amount due from respondent to the company.

The appellant claims that, since the contract with respondent provides that he shall ''receive a commission of fifteen per cent of the purchase price *so paid to the company* for said shares'' and the purchase price not having been paid, respondent is not entitled to recover.

The court found that the sales were not for cash, but were to be paid for in the manner to be provided by the action of the company's board of trustees, and that it was the fault of the company and not the fault of respondent that the payment of the stock was not required.

"Nonperformance of a contract in accordance with its terms is excused if performance is prevented by the conduct of the adverse party. If the impossibility of performance arises directly or even indirectly from the acts of the promisee, it is a sufficient excuse for nonperformance." 6 R. C. L. § 374, p. 1012.

The trial court properly found that appellant could not take advantage of its own negligent or dilatory conduct in failing to require the payment, and properly allowed the commission upon the sale of the same.

It is the contention of respondent that he is also entitled to commission upon the $15,000 of stock sold to George H. Gray & Son and $1,500 sold to one McMasters in March, 1921. This sale to McMasters was made after the contract with respondent had expired and was therefore not subject to the commission claimed. It appears that George H. Gray & Son were the owners of the common stock of the company, in fact were the owners of all stock except the $38,000 of preferred stock sold by respondent, and in order to make a better financial showing $15,000 of the preferred stock was transferred to George H. Gray & Son, and this amount was credited upon the indebtedness due from the company to George H. Gray & Son. There is testimony to support the claim that this was done without the knowledge of Gray & Son, and that respondent said at the time that he was not to receive a commission upon the same. The evidence is conflicting, and we should not disturb the findings of the trial court in disallowing this claim for commission. We cannot say that the findings of the trial court upon this conflicting evidence should be disturbed on appeal. *Graham v. Bell-Irving,* 46 Wash. 607, 91 Pac. 8; *King County v. Whittlesey,* 52 Wash. 206, 100 Pac. 320.

The financial condition of the company is such that, unless payment is made within fifteen days from the

date of the filing of the remittitur in the lower court, a receiver shall be appointed as requested in the amended complaint of respondent.   Otherwise the judgment of the trial court is affirmed.

MAIN, C. J., TOLMAN, and PARKER, JJ., concur.

FULLERTON, J., dissents.