[No. 18192. Department One. March 4, 1924.]

# D. K. MAY et al., Appellants, v. JOSEPH C. ROBERTS et al., Respondents.[1]

TRIAL (149)—MOTION FOR NONSUIT—PROVINCE OF COURT—WEIGHT AND SUFFICIENCY OF EVIDENCE. On a trial to the court without a jury, the court may dismiss as to certain defendants on the merits, at the close of plaintiff's case, for insufficiency of the evidence as to them; the rule in jury cases that the motion must be denied if there was any evidence to support plaintiff's case not applying.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered October 5, 1922, upon findings in favor of the defendants, dismissing an action for malicious prosecution, tried to the court. Affirmed.

*James Emmet Royce*, for appellants.

*E. A. Cornelius* and *Danson, Williams & Danson*, for respondent Godfrey.

*Turner, Nuzum & Nuzum* and *Wakefield & Witherspoon*, for respondents Roberts, Daschbach, Gunning and Doutrich.

PARKER, J.—The plaintiffs, May and wife, seek recovery of damages for an alleged malicious criminal prosecution and the causing of their arrest therein by the several defendants conspiring together to that end. A trial upon the merits in the superior court for Spokane county, sitting without a jury, resulted in dismissal of the case upon the merits as to all of the defendants save Godfrey at the close of the evidence introduced in behalf of the plaintiffs and dismissal of the case upon the merits as to the defendant Godfrey at the close of all of the evidence. Formal findings and judg-

[1]Reported in 223 Pac. 590.

ment were accordingly made and rendered denying to
the plaintiffs any recovery as to any of the defendants.
From this disposition of the cause, the plaintiffs have
appealed to this court.

The trial court found, in substance, that none of the
defendants at any time conspired together to bring
about the prosecution or arrest of the plaintiffs, or
either of them; that the plaintiffs' arrest was upon a
complaint sworn to by Godfrey; that there was
probably cause for such commencement of the criminal
prosecution by Godfrey against the plaintiffs; that
Godfrey disclosed to a deputy prosecuting attorney of
Spokane county all of the material facts which he
could with reasonable diligence ascertain with refer-
ence to the basis for such prosecution; that such prose-
cution was thereupon advised by the deputy prosecut-
ing attorney, who prepared the complaint therein,
which Godfrey signed and swore to; and that Godfrey
was not actuated by malice in so bringing about the
criminal prosecution against the plaintiffs. We deem
it sufficient to say that a painstaking review of the evi-
dence in this case convinces us that it amply supports
all such findings made by the trial judge. To analyze
the evidence here with a view of demonstrating the
correctness of the trial court's findings would serve no
purpose other than to encumber our reports. The
learned trial judge with painstaking care reviewed the
evidence, noting the many serious conflicts therein, in
announcing his final disposition of the cause prelim-
inary to the rendering of judgment therein. That a
correct conclusion upon the merits was reached by him
we do not doubt.

Counsel for appellants make some contention that,
in any event, the court erred in its dismissal of the case
at the conclusion of the plaintiffs' evidence as to all the

defendants other than Godfrey. The argument seems to be that, at that time, the evidence ought to have been viewed as though the case were being tried before a jury and the case not then disposed of with reference to those defendants, if there was any evidence tending to support plaintiffs' claim of damages as against them; citing *Young v. Aloha Lumber Co.*, 63 Wash. 600, 116 Pac. 4; *King v. Page Lumber Co.*, 66 Wash. 123, 119 Pac. 180; and *Godefroy v. Hupp*, 93 Wash. 371, 160 Pac. 1056, Ann. Cas. 1918E 494. These were jury cases in which the court was not called upon to decide upon the weight of the evidence, but only called upon to decide as to whether or not there was any evidence sufficient to carry the case to the jury. The case before us, as has already been noticed, was being tried before the court; so at the close of the plaintiffs' evidence it was not a mere question of a nonsuit in the conventional sense as upon a jury trial, but was a question of the weight of the evidence, as much so as if both parties had rested at that time. Manifestly, if the court was of the opinion, as the evidence then stood, that the plaintiffs could not recover as to those defendants, the plaintiffs having submitted all of their evidence to sustain such claim of recovery, the trial court was warranted in finally deciding the case upon the merits against the plaintiffs as to those defendants. Our decisions in *Lambuth v. Stetson & Post Mill Co.*, 14 Wash. 187, 44 Pac. 148; *O'Neile v. Ternes*, 32 Wash. 528, 73 Pac. 692; and *King County v. Whittlesey*, 52 Wash. 206, 100 Pac. 320, render it plain that such is the applicable rule in trials to the court without a jury. Plainly, therefore, the trial court was not, upon disposing of the defendants' motion for dismissal and judgment at the conclusion of the plaintiffs' evidence, required to view the evidence in the circumscribed

manner required in disposing of such a motion upon a jury trial.

Some contention is made upon claims of error touching the admission and rejection of evidence during the trial. We are convinced that any such error if committed, would not in the least have affected the result arrived at by the trial court upon the merits. In its last analysis, there is nothing in this case worthy of serious consideration other than questions of fact. All of these, we are satisfied, were properly resolved in favor of the defendants by the trial court.

The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.