[No. 17804.  *En Banc*.  May 12, 1924.]

# H. F. WILLIAMS, *Respondent*, v. YELLOW PINE BOX & LUMBER COMPANY, *Appellant*.[1]

BROKERS (28)—CONTRACT FOR COMPENSATION — COMMISSIONS ON COLLECTIONS—FAILURE OR INABILITY TO COLLECT.  Under a broker's contract for commissions on the sale of stock for fifteen per cent of the purchase price "so paid to the company for said shares," he is not entitled to commissions on sales to individuals who were not financially responsible, nor on subscriptions that were invalid or not in good faith within the knowledge of the broker.

Cross-appeals from a judgment of the superior court for Chelan county, John E. Porter, judge *pro tempore*, entered April 4, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed on plaintiff's appeal; reversed on defendant's appeal.

*Corbin & Easton* and *M. F. Gose*, for appellants.
*R. S. Ludington*, for respondent.

## ON REHEARING.

MITCHELL, J.—A Departmental opinion in this case is reported in 126 Wash. 380, 218 Pac. 245. Upon a rehearing *En Banc*, a majority of the court reach different conclusions, in some respects, from those expressed in that opinion.  The action was for an accounting which included commissions alleged to be due on unpaid subscriptions to the stock of the defendant corporation procured by the plaintiff as agent, and for the appointment of a receiver to take charge of the affairs of the defendant corporation.  Findings and judgment were entered for the plaintiff in the sum of $2,410.30.  The application for a receiver was denied. Each party has appealed and we shall continue to

[1]Reported in 225 Pac. 433.

speak of them as plaintiff and defendant, to avoid confusion.

The appeal of the plaintiff presents three assignments.  (1) That he should have been allowed $225 commission on $1,500 of stock sold to and paid for by one McMaster.  The court found that the sale was made without the assistance of the plaintiff after the commission contract had expired, and upon a consideration of the evidence we are not disposed to disturb the finding.  (2) That he should have been allowed $2,225 on the sale of $15,000 of stock claimed to have been made to George H. Gray & Son.  There was ample evidence, though disputed, that the so-called sale was not a *bona fide* one, within the knowledge of the plaintiff, who, prior to any trouble between him and the defendant, admitted that he was to receive no commission on that sale.  A preponderance of the evidence favors the finding of the trial court as to this item.  (3) That a receiver should have been appointed as asked for by the plaintiff.  Upon an examination of the evidence, we find no occasion for the appointment of a receiver, whether upon the charge of insolvency or for any other reason.

Defendant's appeal is presented upon exceptions to the findings made by the trial court, which may be considered generally.  Defendant admits that in the accounting the plaintiff should be charged with only $2,-081.07.  Upon examining the record, however, we find, as did the trial court, that the proper amount is $1,-819.70.  But the trial court found and allowed commissions in the sum of $4,230 on unpaid stock subscriptions, hence the judgment in favor of the plaintiff in the sum of $2,410.30.  The plaintiff, as agent in the sale of stock of the defendant corporation, acted under a contract to sell preferred stock at $100 per share, on

which he should "receive a commission of fifteen per
cent of the purchase price so paid to the company for
said shares." The trial court found, and the plaintiff
took no exception to it, that, under the contract, the
commissions were "payable when the stock was paid
for," and the contention of the defendant is that, as
the subscriptions on which the plaintiff has been given
judgment have not been paid, therefore the plaintiff
should not recover. On the contrary, the plaintiff con-
tends, and the trial court approved, that the subscrip-
tion contract provides for payment "at such time and
in such manner as may be required by the board of
trustees of such corporation;" that the board of trus-
tees, notwithstanding the request of plaintiff, negli-
gently refused to require the subscribers to pay; and
that such negligence and fault prevent the defendant
from denying a present liability. All subscriptions
taken, commissions on which are involved in this suit,
were taken prior to October, 1919.

It appears that, in February, 1921, the plaintiff, who
until that time had been connected with the defendant
as its secretary, and much of the time in the selling of
its stock, demanded of the defendant that it collect
these subscriptions. Steps towards the bringing of
suits to collect some of them were taken, but prior to
the commencement of any such action, for some reason
not made clear, they were abandoned and the subscrip-
tions have not been collected. If, after a reasonable
time and demand, such as occurred in this case, the de-
fendant refused without good cause to collect the sub-
scriptions, it should pay the plaintiff his commission.
On the other hand, the plaintiff cannot justly hold the
defendant liable to the extent of commissions for the
failure of defendant to collect, or to attempt to collect,
subscriptions from persons reasonably not financially

responsible. This, in our opinion, is the gist of this controversy.

The plaintiff had a witness testify on this subject, the substance of his testimony being as follows: "I know there are some few whom it would be impossible to collect from." And again, "Q. These men, I believe you testified to were all responsible men and there was no question but what they are able to pay the amounts for stock which they have subscribed, is there? Ans. I believe I told you yesterday part of them were . . . I think very few of them would be financially responsible." No proper finding in protection of the rights of the parties can be made on this testimony, so we conclude the case must go back for further testimony and findings, with the burden on the plaintiff to show the fair reasonable financial standing and responsibility of the several subscribers as related to the amount of their respective subscriptions in the list mentioned in the record (finding of fact number thirteen made by the trial court), upon which commissions in the sum of $4,230 was reckoned, at and about the time plaintiff demanded collection of the unpaid subscriptions. Still further, as to the further trial, there is a lively dispute if the subscription by the Entiat Delta Orchards, a corporation, by its secretary, was a valid one, and if so to what extent, if any, as authorized by order or resolution of the corporation. That matter will also be inquired into, if necessary. And still further, the good faith of the subscriptions made by George D. Brown and M. D. Howe, within the knowledge and purpose of the plaintiff, will also be inquired into, if necessary. To the extent herein mentioned, the defendant's motion for a new trial should have been granted.

The judgment is affirmed on the plaintiff's appeal.

The judgment is reversed on the defendant's appeal and the cause remanded with directions to proceed according to the views herein expressed.

MAIN, C. J., BRIDGES, HOLCOMB, TOLMAN, and PEMBERTON, JJ., concur.