[No. 9428.   Department Two.   September 25, 1911.]

ANTON FEHRENBACHER, *Appellant*, v. OAKESDALE
COPPER MINING COMPANY, *Respondent*.[1]

MASTER AND SERVANT—RELATION—INDEPENDENT CONTRACTOR—EVI-
DENCE—QUESTION FOR JURY. Whether a mine was operated by one
as an independent contractor, or as a servant of the owner of the
mine, is for the jury and it is error to dismiss the suit, where it
appears that, at the time he was engaged by defendant to take
charge of the mine, under a contract to pay him $10 per foot, he
was insolvent, that he purchased powder and supplies on the credit
of the defendant and hired the men, that defendant paid the men
and for supplies by bank drafts forwarded to the payees by its
secretary, and also furnished all the tools and machinery, except
steel, engaged to pay all the bills without limiting its liability, and
agreed to reimburse the manager, if he went behind on his contract,
to the extent of a miner's or foreman's wages.

Appeal from a judgment of the superior court for Whit-
man county, Canfield, J., entered June 23, 1910, dismissing
on the merits an action by a miner for injuries sustained in
an explosion of powder, upon withdrawing the case from the
jury. Reversed.

[1]Reported in 117 Pac. 870.

*Robertson & Miller* and *Tustin & St. Morris,* for appellant.
*John M. Bunn* and *P. W. Kimball,* for respondent.

MORRIS, J.—Plaintiff was employed at the mine of the defendant at Java, Montana. He was injured while loading holes preparatory to setting off a blast in a tunnel. It is alleged that the injury resulted from the negligence of the defendant in this, that defendant thawed the powder, used by appellant at the time of his injury, in a careless and negligent manner, and that the defendant's employee whose duty it was to thaw the powder was incompetent. The defenses were, that plaintiff was guilty of negligence contributing to his own injury; that he assumed the risk; that his injuries were the result of the negligence of a fellow servant; and further, that, at the time plaintiff received his injuries, defendant was not operating the mine, but that it was in control of one E. P. Langer, who had contracted with defendant to drive a tunnel one hundred feet, or until he struck ore, at a cost of $10 per foot; that plaintiff had been employed by and was, at the time of his injury, in the employ of Langer, who at all times had sole and complete charge of the employees working about said mine, as well as of the handling of all powder to be used therein.

A motion for a nonsuit was made at the close of plaintiff's case. This being denied, it was renewed after the testimony was all in. Thereupon the court held that it had been established, as a matter of law, that Langer was an independent contractor; and further, that the negligence, if any, was that of one Bert Hutchinson, who was an employee of Langer, and for whose negligence defendant would not in any event be responsible. From a judgment of dismissal directed by the court, at the close of all the testimony, plaintiff has appealed.

We cannot agree with counsel for appellant that the defense of independent contractor is not available to respondent, because the directors of the company and Langer do not

agree as to the terms of the contract. The ultimate fact to be found is, who was in control of the mine, and not whether the parties can agree as to the details of a verbal contract. Nor can we agree with the trial judge that the proof shows that the defense of independent contractor was so clearly made out that no question of fact remained for the jury. Where the contract is certain, the question of whether a person operating under it is an independent contractor or a mere servant is a question of law for the court. But where the terms of the contract are in doubt, the relation of the parties is generally a question for the jury.

The fact that the parties cannot agree as to the details of the contract is a circumstance to be considered in the light of all the other facts and circumstances, as disclosed by the evidence. It is an evidentiary fact, but not conclusive in itself. Without going into unnecessary detail, the undisputed facts show that Langer was insolvent at the time he was engaged by respondent to take charge of its mine; that he purchased supplies, groceries, and powder upon the credit of the respondent, all of which were charged to the respondent; that he hired men, fixed their time, which the respondent paid, as it did for the supplies, by bank drafts procured by its secretary at a bank in the town of Oakesdale, its principal place of business, and that these drafts were forwarded by the secretary to the respective payees. The proof of respondent shows that these items were charged to Langer upon his contract. If this were all the testimony, it would probably sustain the judgment of the lower court. But it further appears that respondent furnished all the tools and machinery, except steel, and engaged to pay the bills for labor and supplies without limiting its responsibility as to the amount, or number, or price, or wages; and Langer swears that, while he was to be paid $10 per foot for his contract, it was agreed that, if he went behind, respondent would make him whole to the extent of paying him a miner's or a foreman's wages. These qualifying facts make the case,

notwithstanding our belief that the judgment of the'lower court was right on the merits, one for the jury to decide. We have not referred to the testimony of the appellant. It is enough to say that he swears positively that he was employed by the president of the company, and was by him directed in his work; that he employed others and claimed the right to discharge Langer at any time, and that he directed the manner of the work, both inside and outside of the tunnel. We conceive the following cases to be controlling: *Johnson v. Great Northern Lumber Co.*, 48 Wash. 325, 93 Pac. 516; *Kendall v. Johnson*, 51 Wash. 477, 99 Pac. 310; *Robinson v. Hill*, 60 Wash. 615, 111 Pac. 871. The other defenses are dependent upon findings of fact, and for that reason will require no discussion.

Reversed and remanded for a new trial.

DUNBAR, C. J., ELLIS, and CROW, JJ., concur.