[No. 11343. Department One. April 29, 1914.]

DICK WATSON, *Respondent*, v. HECLA MINING COMPANY, *Appellant*.[1]

MASTER AND SERVANT — EXISTENCE OF RELATION — "INDEPENDENT CONTRACTORS." An independent contractor is one who exercises an independent employment and represents his employer only as to the results of his work, and the operation of the rule is not qualified by the employer's reservation of the right to supervise the work for the purpose of determining whether it is being done in accordance with the contract.

EVIDENCE—PAROL EVIDENCE—TO VARY WRITING—APPLICATION OF RULE. The rule prohibiting the introduction of oral evidence to contradict or modify a written contract employing an independent contractor, does not apply against an injured servant who was not a party to the contract.

[1]Reported in 140 Pac. 317.

MASTER AND SERVANT—EXISTENCE OF RELATION—INDEPENDENT CON-
TRACTOR—QUESTION FOR JURY. Whether the relation of independent
contractor exists is a question for the jury, where it appears that a
mining company was to furnish power drills, pumps, lights, and
timbers, and to deliver them at the 1,200 foot level, to one who agreed
to sink a shaft 300 feet at a specified price per foot, doing the work
in a workmanlike manner, it was the duty of the company's head
carpenter to determine from time to time whether the work was be-
ing properly done, the company was to pay the men on the pay
roll through its office, and a workman previously working for the
company was directed by his former shift boss to go to work on the
shaft, and testified that he was not employed by the contractor.

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. Error cannot
be predicated upon an instruction to which no exception was taken.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered March 19, 1913, upon the
verdict of a jury rendered in favor of the plaintiff, for per-
sonal injuries sustained by a miner. Affirmed.

*Wakefield & Witherspoon* (*A. C. Shaw*, of counsel), for
appellant.

*Robertson & Miller* (*C. H. White*, of counsel), for respond-
ent.

MAIN, J.—This action was brought for the purpose of re-
covering damages alleged to be due to an accident caused by
negligence chargeable to the defendant. The cause was tried
to the court sitting with a jury. A verdict was returned for
the plaintiff in the sum of $1,250. Judgment was entered
upon the verdict. The defendant has appealed.

The facts are substantially as follows: The appellant was
the owner of the Hecla mine, near Burke, Idaho, upon which
a shaft was being sunk. This shaft had been extended to the
station at the 1,200 foot level, and it was desired that it be
sunk 300 feet further. For the purpose of accomplishing
this result, the appellant, by posting notice at the mine, an-
nounced its desire to receive bids for the doing of the work.
In response to this notice, one F. E. Bryan submitted an
offer, as follows:

"Hecla Mining Company.
                "Wallace, Idaho.
                "July the twelfth
        "Nineteen Hundred and eleven.
"Hecla Mining Company, Wallace, Idaho.

"Dear Sirs: I hereby agree to sink your shaft a distance of three hundred feet for the sum of forty-four 70-100 ($44.70) Dollars per foot.

"I am to do all the labor—drilling, blasting, shoveling and timbering. I am to furnish all explosives—powder, fuse and caps. I am to take care of the sinker pumps, starting, stopping and lowering same, packing when necessary and delivering pump on station in exchange for another when it is necessary to send it to the surface for repairs. I am also to do all the pipe work on air line and pump column.

"I am to break all boulders to size for convenient loading from waste pocket on station level. I agree to do all work in a workmanlike and substantial manner, the same to be inspected and approved by the foreman.

"I agree to do the blasting through electric wires and to use the piston air drills, which you have with which I am acquainted. I also agree that ten per cent of the money earned may be retained monthly by you until the contract is completed to your satisfaction, and if I fail to complete the contract to your satisfaction, this ten per cent so retained is to be forfeited by me to you as liquidated damages.

"You are to furnish power, drills, drill parts, steel, pump, pump parts, lights and timbers and to deliver same on the 1,200 foot level and you are to pay the men on my pay roll through your office on or before the tenth day of each month for the work done during the preceding month.

                                        "F. E. Bryan.

"Accepted: Hecla Mining Company,
    "James F. McCarthy, Manager."

By the acceptance of the company, Bryan's letter became the contract. Prior to this time, Bryan had been working for the company as shift boss. The respondent had been working in the same mine under another shift boss. Work was begun under the contract on the 22d day of July, 1911.

The respondent testified that he never talked with Bryan

about having the contract, and that the latter never directed the work or gave any orders. He also testified that he was directed by the shift boss in the stope, under whom he was working at the time, to go into the shaft and work there. This shift boss was in the employ of the appellant. In lowering the shaft, four men worked in each shift, one of whom, it was testified, directed the work. On the 25th day of August, 1911, the respondent was directed by the shift boss to grease what was known as the slip-joint in the pump. This slip-joint was a two inch pipe within a three inch pipe about ten or twelve feet long, the purpose of which was to allow the pump to be lowered a distance represented by the length of the slip-joint, without disconnecting and inserting additional pipe. The slip-joint had been extended to its full capacity and it was necessary to insert an additional piece of pipe, the two inch pipe being pushed down into the three inch pipe in order that it might be subsequently extended as required. While the respondent was in the act of greasing the slip-joint, the shift boss had hold of the top end thereof endeavoring to cause it to move down into the larger pipe. The evidence shows that it was moved with difficulty, the shift boss telling the respondent that it had stuck. Immediately thereafter, as the respondent's evidence shows, the joint was given a push by the shift boss without warning to the respondent, and as it went down, the latter's fingers were caught in the flange and injury sustained, of which he complains.

The manager of the appellant company testified that the mine was in charge of a foreman, and that it was the duty of the head carpenter from time to time to go into the mine for the purpose of inspecting the work and seeing whether it was being properly done. During the time the respondent was working in the shaft, he was paid by the company's checks, the same as he had been before.

Three questions are presented for determination: First, did the relation of independent contractor exist between

Bryan and the appellant at the time of the injury? Second, if the relation of independent contractor did not exist, then were the respondent and the shift boss fellow servants under the laws of Idaho? And third, was the respondent's negligence the cause of his injury?

I. It is first argued that the relation between Bryan and the appellant was that of an independent contractor. The general rule is that an independent contractor is one who exercises an independent employment and represents his employer only as to the results of his work, and not as to the means whereby it is to be accomplished. An independent contractor is one who has the power to select men, provide equipment, and provide the mode or manner of doing the work. The operation of this rule is not qualified by a reservation which gives the employer the right to supervise the work for the purpose of determining merely whether it is being done in accordance with the contract. *Engler v. Seattle*, 40 Wash. 72, 82 Pac. 136; *Larson v. American Bridge Co.*, 40 Wash. 224, 82 Pac. 294, 111 Am. St. 904; *Kendall v. Johnson*, 51 Wash. 477; 99 Pac. 310; *Campbell v. Jones*, 60 Wash. 265, 110 Pac. 1083; *Glover v. Richardson & Elmer Co.*, 64 Wash. 403, 116 Pac. 861.

In the *Larson* case, *supra,* the rule is stated in this language:

"The general test which determines the relation of independent contractor is that he shall exercise an independent employment, and represent his employer only as to the results of his work and not as to the means whereby it is to be accomplished. The chief consideration is that the employer has no right of control as to the mode of doing the work; but a reservation by the employer of the right to supervise the work, for the purpose of merely determining whether it is being done in accordance with the contract, does not affect the independence of the relation."

Notwithstanding the fact that the contract was in writing, the respondent had the right to introduce evidence showing what the real relation of the parties thereto was. The rule

which prohibits the introduction of oral evidence for the purpose of contradicting or modifying a written instrument does not apply, because the respondent was not a party to the agreement, and consequently would not be bound by its terms. In *Kendall v. Johnson, supra,* it was said:

"The appellant was not a party to the contract between the respondent and the firm of Fred Johnson & Co., and never assented to the provisions of that contract. In an action between him and either of the contracting parties he is at liberty to show the true relations subsisting between them, regardless of the relationship which they may have assumed on paper. In other words, it was clearly competent for the appellant to show by oral testimony that the relation of master and servant subsisted between the respondent and the firm of Fred Johnson & Co., and that the respondent had the direction and charge of the blasting which resulted in his injury."

If the contract is certain and definite, the question whether a person operating under it is an independent contractor is for the court; but where the terms of the contract are doubtful, or are rendered doubtful by the introduction of oral testimony, the question generally becomes one for the jury. In *Fehrenbacher v. Oakesdale Copper Min. Co.,* 65 Wash. 134, 117 Pac. 870, it was said:

"Where the contract is certain, the question of whether a person operating under it is an independent contractor or a mere servant is a question of law for the court. But where the terms of the contract are in doubt, the relation of the parties is generally a question for the jury."

From the contract above set out, it appears that the appellant was to furnish the power, drills, drill parts, steel, pump, pump parts, lights and timbers, and to deliver the same on the 1,200 foot level. The men on the pay roll were to be paid through its office. It should be noted that the contract nowhere specifies the character of the work other than that it shall be done in a workmanlike and substantial manner. The manager testified that it was the duty of the

head carpenter to go into the mine for the purpose of determining from time to time that the work was being properly done. The respondent testified that he was not employed by Bryan, but that he was directed by the shift boss under whom he had been previously working to go to work in the shaft. It would seem that these facts would at least cause a doubt as to whether the relation of independent contractor did or did not exist, and would bring the case within the rule announced in the *Fehrenbacher* case, *supra.* The question was one for the jury, and the jury, under proper instructions, having determined it adversely to the appellant's contention, the verdict will not be disturbed.

II. It is conceded by both parties that their rights are determined by the laws of the state of Idaho. During the trial, the appellant, for the purpose of making proof of the laws of the state, offered the testimony of a lawyer who, after answering the qualifying questions, testified that, under the laws of the state of Idaho, Bryan and the respondent were fellow servants, and that the appellant was not liable under the laws of that state for the injury which the respondent had sustained. The respondent, in rebuttal, offered the evidence of a lawyer who testified diametrically to the opposite. The court, by instruction, submitted the question to the jury. To this instruction, no exception appears to have been taken. Hence it is not subject to review.

III. Some contention is made that the respondent was guilty of contributory negligence which was the proximate cause of his injury. This was obviously a question for the jury. The evidence falls short of showing such negligence as a matter of law.

The judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.