[No. 24148. Department Two. January 30, 1933.]

PATENT SCAFFOLDING COMPANY, *Respondent*, v. ROOSEVELT APARTMENTS, INC., *Appellant*.[1]

[1]Reported in 18 P. (2d) 857.

*Hamblen & Gilbert* and *Robert Weinstein,* for appellant.

*Fred S. Duggan,* for respondent.

MAIN, J.—In the complaint in this action, there are eleven causes of action, separately stated. The first is for the rental of patented scaffolding machines which were used in the construction of a building. The other causes of action are upon assigned claims for material which went into the construction of the building. The cause was tried to the court, without a jury, and resulted in findings of fact from which the court concluded that a recovery could be had upon each cause of action. Judgment was entered against the defendant for the sum of $3,121.25, from which it appeals.

The facts may be summarized as follows: The appellant, Roosevelt Apartments, Inc., was a corporation which was the owner and builder of an apartment house in the city of Spokane known as the Roosevelt Apartments, and one Harry Lubin was its president and managing officer. The Huetter Construction Company was a corporation which was engaged in the contracting business, with its principal place of business in the city of Spokane. The respondent, Patent Scaffolding Company, was a corporation organized under the laws of the state of California, and authorized to do business in this state.

January 21, 1929, the Roosevelt Apartments, Inc., entered into a written contract with the Huetter Construction Company for the erection of an apartment building, known as the Roosevelt Apartments. By the terms of this agreement, the Roosevelt Apartments agreed to pay the contractor for its services a fee of ten thousand dollars, upon the condition that the net cost of the construction of the building, including the fee, did not exceed a total of $223,534. In the event the

net cost, plus the fee, should be less than the sum mentioned, the construction company was to receive, in addition to the above named fee, one-third of all savings made from such stipulated upset cost. The Roosevelt Apartments was to receive the other two-thirds of such saving.

The fee mentioned was to be in full payment for the services of the construction company. . In the agreement, the construction company was designated as the contractor, and the Roosevelt Apartments as the owner. The contract covers approximately ten typewritten pages, and is too long to be here set out in full. The contractor entered upon the performance of the work, and on May 15, 1929, entered into a contract with the respondent, Patent Scaffolding Company, for the rental and use of its patented scaffolding machines in the construction of the building. This contract was submitted to the architect and approved by him in writing. By the contract, the respondent was to receive $2.50 per week for each machine. The use of the machines was completed prior to September 1, 1929, and no payment has been made for the use thereof.

As stated, the other causes of action are for material which went into the construction of the building. All the contracts upon which recovery is sought in this action against the Roosevelt Apartments were signed by the Huetter Construction Company, and not by the owner. The trial court expressly found that, during the construction of the building, neither the respondent nor any of its assignors had any knowledge of the conditions and terms contained in the agreement between the Roosevelt Apartments and the contractor, and did not learn of such conditions until the summer of 1931. The cost of the construction of the building considerably exceeded the stipulated upset cost thereof, and

the construction company did not receive any fee or compensation for its services and became insolvent.

The first question is whether, by the terms of the contract, the relation of principal and agent between the contractor and the owner existed, or whether the construction company was an independent contractor. This court has many times stated the rule which marks the dividing line between the terms of a contract which will create the relation of principal and agent on the one hand and an independent contractor on the other. While the phraseology in the various cases is different, in essence it is the same. It is unnecessary here to restate the rule.

So far as this case is concerned, it may be said that if, by the terms of the contract, the Roosevelt Apartments retained the right to control the method or manner in which the work was to be done, then the relation of principal and agent existed. But, if the construction company represented the will of the owner only as to the result of the work, and not as to the means by which it was to be accomplished, then the relation between the parties would be that of independent contractor. Where the facts presented are as consistent with the theory of agency as with that of independent contractor, the burden is only upon the one asserting the independency of the contractor to show the true relation of the parties. *Dishman v. Whitney,* 121 Wash. 157, 209 Pac. 12, 29 A. L. R. 460.

In the contract now before us, there are some paragraphs and sentences which, if they stood alone, would indicate that the true relation of the parties was that of owner and independent contractor. On the other hand, there are other paragraphs and sentences in the contract which, if they stood alone, would definitely and clearly show that the relation was that of principal and agent. To set out all these various provisions

would greatly extend this opinion, and would serve no useful purpose. In a contract such as that mentioned, which contains seemingly conflicting provisions, it is important to look to the spirit and essence of the contract, considered as a whole, in connection with the particular phraseology. *Foster v. Chicago,* 197 Ill. 264, 64 N. E. 322. After having given tentative consideration to all the provisions in the contract, we are of the view that it creates the relation of principal and agent.

Looking to what was done by the respective parties during the time that the contract was being performed, the same situation is presented. Some things were done which would indicate the relation of principal and agent, and others would tend to show that the construction company was an independent contractor. There was nothing in the manner in which it was performed from which it should be concluded that the contract should be given a different construction from that already indicated.

■■ Since the relation, as we view it, was that of principal and agent, the next question that arises is whether the owner was a disclosed or an undisclosed principal. If the owner was a disclosed principal and the persons dealing with the contractor knew this fact and nevertheless chose to contract with that company, they could not now maintain an action against the owner as principal. On the other hand, if the parties dealing with the contractor did not know that he was acting for an undisclosed principal, they would have a right to recover against the owner. The persons dealing with the contractor had a right to rely upon the ostensible relations existing between the parties. *Ross v. Kenwood Inv. Co.,* 73 Wash. 131, 131 Pac. 649.

For the purpose of establishing the true relation of the parties, oral evidence was admissible, since none of the parties seeking recovery in this action was a

party to the contract between the owner and the construction company. *Watson v. Hecla Mining Co.,* 79 Wash. 383, 140 Pac. 317.

The case of *Barnett Bros. v. Lynn,* 118 Wash. 308, 203 Pac. 387, differs from this, in that, there, the parties dealing with the agent knew of the principal, and, with this knowledge, chose to contract with the agent. There was in that case no question of undisclosed principal. The parties that seek recovery in this case knew nothing of the provisions of the contract until approximately a year after the materials were furnished. They had a right to rely upon the ostensible relation, which was that of independent contractor.

There is the further contention that, as to three of the causes of action, in any event, there should be no recovery. Little attention has been given to these in the briefs, and we are disposed to treat them in a like summary manner. It is sufficient to say that we think the objection taken to the particular causes of action referred to is not well founded.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, and STEINERT, JJ., concur.