[Civ. No. 11630. Second Appellate District, Division One.—November 16, 1938.]

CLARE G. FULLER, Appellant, v. IRVING LINDEN-BAUM et al., Defendants; BREWSTER SHIRT CORPORATION (a Corporation), Respondent.

Lester E. Hardy for Appellant.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury and Vernon W. Hunt for Respondent.

YORK, P. J.—Appellant brought action against respondents for damages for personal injuries sustained by him on March 12, 1937, when he was struck by an automobile which was being driven by respondent Lindenbaum. It is alleged by the first amended complaint that said Lindenbaum at the time of the accident was employed by respondent Brewster Shirt Corporation, a corporation doing business in the state of California, and that the car so driven by said respondent Lindenbaum "was in use in the business of said corporation at the time of said accident and that the said corporation had complete control of the use of said vehicle at the said time and had exercised such control over said car for a long period prior to the date thereof". It should be noted, however, that there is no allegation in said amended complaint as to who owned the automobile which was being driven by respondent Lindenbaum, nor is there any allegation that the respondent corporation is or was a non-resident.

Respondent Lindenbaum was personally served and his answer admitting the accident but denying liability was duly filed. Respondent corporation was constructively served pursuant to the terms of section 404 of the Vehicle Code by mailing a copy of the complaint and summons with a fee of $2 to the director of motor vehicles at Sacramento, and by sending a notice of such service and a copy of the summons and complaint by registered mail to the New York office of said respondent Brewster Shirt Corporation.

Thereafter, having served notice thereof upon appellant, respondent corporation appeared specially and solely for the

purpose of making its motion to quash service of summons on the ground that it was not amenable to the terms of section 404 of the Vehicle Code because it had never operated through an agent or otherwise any vehicle upon the highways of this state, and particularly that it did not own the automobile referred to in the complaint and that respondent Lindenbaum at no time referred to in said amended complaint was acting on behalf of or as an agent of said corporation.

On July 30, 1937, said motion to quash was granted, and a minute order to that effect was entered. Notice of appeal from such order was duly filed on August 9th and on August 17th there was entered in the records of the court an order directing that ''The service of process herein against the Brewster Shirt Corporation, a corporation, is hereby quashed and set aside and the clerk of the above court is hereby restrained from entering any default thereon.''

Section 404 of the Vehicle Code, under the terms of which appellant seeks to impose liability upon respondent corporation, reads as follows:

''Service of Process on Nonresident: (a) *The acceptance by a nonresident of the rights and privileges conferred upon him by this code or any use of the highways of this State as evidenced by the operation by himself or agent of a motor vehicle upon the highways of this State* or in the event such nonresident is the owner of a motor vehicle then by the operation of such vehicle upon the highways of this State by any person with his express or implied permission, *is equivalent to an appointment* by such nonresident of the director (of Motor Vehicles) or his successor in office *to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against said nonresident operator or nonresident owner growing out of any accident or collision resulting from the operation of any motor vehicle upon the highways of this State by himself or agent.*

'' (b) The acceptance of such rights and privileges or use of said highways shall be a signification of the agreement of said nonresident that any such process against him which is served in the manner herein provided shall be of the same legal force and validity as if served on said nonresident personally in this State.'' (Italics added.)

The questions presented by this appeal, as indicated by appellant's briefs, are as follows:

1. "Can the Court decide the issue of agency upon affidavits presented on a Motion to Quash Service of Summons?"

2. "If the Court can so determine, do the allegations of defendants' affidavits disprove agency?"

In connection with his first point, appellant points out that the matter of agency of respondent Lindenbaum is purely a matter of fact and, therefore, he has the right to put said respondent on the stand and question him as to his relations with the respondent corporation. Also, it was never intended that section 2009 of the Code of Civil Procedure should change the general rules of evidence by substituting voluntary *ex parte* affidavits for the testimony of witnesses.

■ As hereinbefore stated, this is an appeal from an order granting a motion, and motions are usually made and determined on affidavits alone, such practice being authorized by said section 2009, *supra*. (*Matter of Van Loan*, 142 Cal. 423, 426 [76 Pac. 37]; *San Joaquin Valley Bank* v. *Gate City Oil Co.*, 36 Cal. App. 791, 802 [173 Pac. 781].) Furthermore, in the consideration of an appeal from an order made upon affidavits involving the decision of a question of fact, an appellate court is bound by the same rule that controls it where oral testimony is presented for review. If there is any conflict in the affidavits, those in favor of the prevailing party must be taken as true, and the facts stated therein must be considered established. (*Gordon* v. *Perkins*, 203 Cal. 183, 186 [263 Pac. 231]; *Doak* v. *Bruson*, 152 Cal. 17, 19 [91 Pac. 1001]; *Estate of McCarthy*, 23 Cal. App. (2d) 398, 401 [73 Pac. (2d) 914]; *Thompson* v. *Lester*, 20 Cal. App. (2d) 745, 746 [67 Pac. (2d) 1093]; *Smith* v. *Pickwick Stages*, 113 Cal. App. 118 [297 Pac. 940]; *Henderson* v. *Cohen*, 10 Cal. App. 580, 585 [102 Pac. 826]; *Dickinson* v. *Zubiate Min. Co.*, 11 Cal. App. 656 [106 Pac. 123].) "And as error is not presumed, and all intendments are in favor of the action of the lower court, it follows that the affidavits in behalf of the successful party are to be deemed to establish not only the facts directly stated therein, but also all facts which may reasonably be inferred or presumed from the direct and positive statements." (*Doak* v. *Bruson, supra*.)

■ The motion to quash in the instant case was supported by the affidavits of respondent Lindenbaum and Codman Kruger, secretary of respondent Brewster Shirt Corporation, but no counter affidavits were presented by appellant; there-

fore, the said motion was decided upon the issues joined by the first amended complaint and the said affidavits.

■ As hereinbefore stated, the first amended complaint alleged that respondent Lindenbaum was employed by respondent corporation; that said corporation was doing business in the state of California; that the car so driven was in use in the business of said corporation at the time of the accident; that said corporation had complete control thereof at that time and had exercised such control over said car for a long period prior thereto. There was no allegation therein that said corporation was a nonresident or that it was not a California corporation.

The affidavit of respondent Lindenbaum is to the effect that he was the sole owner of the automobile which he was driving at the time of the accident and that respondent corporation had no right, title or interest in the same; that said corporation had neither the right to exercise, nor had exercised, any control over said automobile or the use or operation thereof; that at the time when the accident occurred said respondent Lindenbaum was engaged in his own independent business of soliciting orders in the state of California for shirts manufactured by said respondent corporation, and that said corporation exercised no control or authority over him in connection with the solicitation of said orders for shirts, and was not interested in his activities except as to the results thereof; that when he was successful in obtaining an order, he forwarded the same to respondent corporation which, if accepted, was filled and the merchandise shipped directly to the purchaser, who in turn made payment therefor directly to the respondent corporation; that respondent Lindenbaum received neither salary nor wages from said corporation, but that upon completion of a sale of shirts, he received his compensation in the form of a commission from said respondent corporation.

Codman Kruger, secretary of Brewster Shirt Corporation, made an affidavit to the effect that the said corporation was organized and existing under the laws of the state of New York; that it had never had an office or place of business in the state of California or any officers or agents representing it in said state or acting on its behalf; that said corporation had never operated an automobile, nor had any automobile ever been operated in its behalf, in the state of California by any agent or by anyone else; that respondent Lindenbaum

had never been an agent of said corporation and had never had any connection or relationship with said corporation except as a commission salesman selling shirts manufactured by said corporation upon a strictly commission basis.

From the foregoing *résumé*, it is readily apparent that the allegations of the first amended complaint connecting the respondent corporation with the use or control of said automobile are merely conclusions of law stated by appellant, and that they are directly controverted by the allegations of the two affidavits presented in support of the motion to quash. It was held in *Jameson* v. *Simonds Saw Co.*, 2 Cal. App. 582 [84 Pac. 289], that where a motion to quash service of summons is made upon affidavits, and the allegations of the complaint conflict with the affidavits, an issue is thereby created, and the burden of sustaining the allegations of the complaint is cast upon the plaintiff; and that where the matters set forth in the affidavits filed by defendant are clearly established, a judgment entered by default following a denial of the motion to quash must be reversed. It is apparent therefore that the trial court can "decide the issue of agency upon affidavits presented on a motion to quash service of summons".

With respect to the second question presented by appellant, the affidavits supporting the motion to quash establish the fact that respondent Lindenbaum was an independent contractor rather than an agent of respondent corporation. "An independent contractor and an agent are not always easy to distinguish, and there is no uniform criterion by which they may be differentiated. Generally, however, the relations are distinguished by the extent of the control which the employer exercises over the employee in the manner in which he performs his work (*Patent Scaffolding Co.* v. *Roosevelt Apartments*, 171 Wash. 507 [18 Pac. (2d) 857], *Stockwell* v. *Morris*, 46 Wyo. 1 [22 Pac. (2d) 189].) Where the will of the employer is represented only in the result, and not in the means by which it is accomplished, and the employer retains no control over the employee as to the manner or means of accomplishing the desired result, the employee is an independent contractor, and he, and not his employer, is responsible for his own acts and contracts. . . . Where one who performs work for another represents the will of that other, not only as to the result, but also as to the

means by which the result is accomplished, he is not an independent contractor but an agent." (2 C. J. S. 1027.)

For an enunciation of the rule of law that a commission salesman is an independent contractor under circumstances such as are presented in the instant case, and that the corporation which pays his commission is not liable for his negligence, see *Coleng* v. *Ramsdell*, 19 Cal. App. (2d) 376 [65 Pac. (2d) 365], *Counihan* v. *Lufstufka Bros. & Co.*, 118 Cal. App. 602 [5 Pac. (2d) 694], and *Barton* v. *Studebaker Corporation of America*, 46 Cal. App. 707 [189 Pac. 1025].

For the foregoing reasons, there was no basis for the service of summons upon the respondent corporation under the terms of section 404 of the Vehicle Code. Because of that conclusion, it is deemed unnecessary to pass upon the various points raised by respondents in their brief.

The order appealed from is affirmed.

Doran, J., and White, J., concurred.