[Civ. No. 19110.   Second Dist., Div. Two.   Dec. 23, 1952.]

ALICE SCHREIBER MEYER, Appellant, v. MARCO C. MEYER, Respondent.

Carl Yanow for Appellant.

Henry B. Nathan for Respondent.

MOORE, P. J.—From an order granting defendant's motion for recall of execution and for annulment of the order for its issuance comes this appeal.

Prior to 1939 the parties were husband and wife. On July 26, 1938, the wife was awarded an interlocutory decree of divorce based upon substituted service. Notwithstanding the lack of personal service of summons, respondent was ordered to pay $40 per month toward the support of two minor children. At the instance of appellant and pursuant to her affidavit charging that respondent had wholly failed to comply with the order for child support, an execution was issued directing the sheriff to collect the sum of $2,400, the arrearage for the preceding five years. Respondent thereupon

moved to recall the execution, to vacate the order for its issuance and to quash the writ on the grounds that the amounts allegedly due on the judgment had "been paid and satisfied."

Contemporaneously with his motion, respondent submitted two affidavits in which he deposed that commencing in 1944 after his discharge from the army he had begun making payments toward his children's support to the best of his ability. At the time of the hearing on his motion he introduced into evidence cancelled checks drawn subsequent to 1947 which totalled $3,025.80. Such checks, he averred, were drawn in favor of the children and sent directly to them, but that the endorsements thereon revealed that many of them, though endorsed in the names of the children, appeared to be in appellant's handwriting. In addition to the sums called for by the checks, respondent averred that he had made additional payments for the support of his son while the latter was in attendance at the University of California during the summer and fall of 1950; also, that all such sums were paid pursuant to an agreement made with appellant and her new husband when the three conferred at a San Francisco hotel in 1944. Appellant submitted affidavits contradictory of many of the averments of respondent. The basis of her position was that any sums paid by respondent were outright gifts to the children and not as contributions toward their support.

However, upon a review of the conflicting affidavits as to payment of the sums claimed, wholly apart from the jurisdictional question which is not necessary to this decision, it is clear that the court's action based solely upon proof of payment was proper.

A writ of execution may be recalled and quashed where the issuance was improperly or inadvertently made. (*Creditors Adjustment Co.* v. *Newman*, 185 Cal. 509, 511 [197 P. 334].) Where the trial court's decision on such a motion is based upon conflicting evidence, the appellate court will not interfere. (*Nichols* v. *Davis*, 168 Cal. 570, 571 [[143 P. 758] ; *Fickeisen* v. *Peebler*, 77 Cal.App.2d 148, 152 [174 P.2d 883] ; *Fuller* v. *Lindenbaum*, 29 Cal.App. 2d 227, 230 [84 P.2d 155].)

Order affirmed.

McComb, J., and Fox, J., concurred.

A petition for a rehearing was denied January 12, 1953.