[Nos. F009006, F009065. Fifth Dist. Oct. 19, 1988.]

In re the Marriage of THERESE MARIE and RICHARD ALBERT CHAPMAN.
THERESE MARIE CHAPMAN, Appellant, v.
RICHARD ALBERT CHAPMAN, Appellant.

**[Opinion certified for partial publication.\*]**

* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part III.

254

**COUNSEL**

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Raymond L. Brosterhous II and William G. Prahl, Deputy Attorneys General, for Appellant Wife.

Laurence H. Steffan for Appellant Husband.

**OPINION**

**STONE (W. A.), J.**—The primary issue presented by this appeal is whether, upon registration of a foreign support order with an accompanying statement of arrearage, a support obligor must challenge the alleged amount of unpaid support arrearage within 20 days of notice of the registration. The question requires an examination of sections 1697 through 1699 of the Code of Civil Procedure.[1] We will conclude that a challenge to the amount of alleged arrearage is not precluded by the obligor's failure to object within the 20-day period provided in section 1699, subdivision (b).

### STATEMENT OF FACTS AND TRIAL COURT PROCEEDINGS

On September 23, 1980, by a decree entered in the State of Washington, the marriage of appellant Therese Chapman (Wife) and appellant Richard Chapman (Husband) was dissolved. Initially, Husband was ordered to pay $900 per month, which represented $225 for each of the couple's three daughters and $225 for spousal support. By 1981 the parties moved to California.

---

[1] Hereinafter, unless stated otherwise, all statutory references are to the Code of Civil Procedure.

On May 29, 1985, the Fresno County District Attorney[2] filed a statement in the superior court for registration of the Washington state order pursuant to section 1699. In her declaration supporting the registration, Wife alleged that $2,400 was due and unpaid by Husband for the period from September 23, 1980, to February 28, 1985.[3]

On June 1, 1985, Husband acknowledged receipt of service of a copy of the registration statement. He took no action to petition the court to vacate the registration or for other relief within 20 days after service, as provided in subdivision (b) of section 1699. Thereafter, a writ of execution issued to enforce collection of the arrearage allegedly due under the foreign support order.

Husband filed a motion to recall the writ of execution,[4] to which the parties stipulated. Wife then moved the court for an order determining the amount of arrearage, which was heard on October 24, 1986. She asked the court to make a finding that the amount of arrearage as of February 28, 1985, was $2,400 and to determine the additional unpaid amount from that date forward. It was Wife's position that Husband's failure to petition to vacate the registration or for other relief within 20 days and the corresponding confirmation of the support order prevented Husband from challenging her declaration that $2,400 was unpaid on the order through February 1985.

The trial court determined that Husband was required by section 1699, subdivision (b) to attack the registered foreign support order within 20 days, but that this requirement had no bearing on the determination of the arrearage: "The Court does not interpret § 1699 as providing by its terms that registration of a foreign support order includes a registration of arrearages." Accordingly, the court found Husband was able to challenge the statement of unpaid support alleged in the registration of the Washington order. The court proceeded to find that in July 1984 the parties had entered into an oral agreement reducing Husband's child support obligation to $400 a month, and Husband had paid all but $400 due through February 1985 pursuant to the order as modified.

Both parties appealed, although Husband has abandoned his contentions. Therefore, we proceed to discuss only those issues related to Wife's appeal.

---

[2] The district attorney was counsel for Wife pursuant to section 1698.2.

[3] Later counsel for Wife advised the court the alleged $2,400 arrearage was for the period between August 1984 through February 1985 only.

[4] The record does not disclose the date the writ of execution was issued, nor does it reflect the date Husband filed his motion to recall it. Since the first hearing on Husband's motion was August 14, 1986, we assume Husband's first effort to challenge the arrearage was substantially more than 20 days after he acknowledged service of the registration statement.

## PART I

*Does Registration of a Foreign State Support Order Require a Statement of Unpaid Support? Yes.*

■ The procedures for enforcement of foreign state support orders are contained in the Revised Uniform Reciprocal Enforcement of Support Act of 1968, sections 1697 through 1699. Section 1697, subdivision (a), provides: "(a) If the duty of support is based on a foreign support order, the obligee has the additional remedies provided in Sections 1698 to 1699, inclusive." The registration of a foreign support order is authorized by section 1698. In 1985 that section read: "The obligee may register the foreign support order in a court of this state in the manner, with the effect, and for the purposes provided in this chapter."

The content of the registration statement is governed by section 1698.3, subdivision (a), which reads: "(a) An obligee seeking to register a foreign support order in a court of this state shall transmit to the clerk of the court (1) three certified copies of the order with all modifications thereof, (2) one copy of the reciprocal enforcement of support act of the state in which the order was made, and (3) a statement verified and signed by the obligee, showing the post office address of the obligee, the last known place of residence and post office address of the obligor, *the amount of support remaining unpaid,* a description and the location of any property of the obligor available upon execution, and a list of the states in which the order is registered. Upon receipt of these documents the clerk of the court, without payment of a filing fee or other cost to the obligee, shall file them in the registry of foreign support orders. The filing constitutes registration under this chapter." (Italics added.)

Therefore, that portion of the trial court's ruling which holds that registration of a foreign state support order does not require a declaration of unpaid support is in error. Wife's allegation that Husband owed $2,400 through February 1985 was a necessary part of the verified statement required for registering the Washington support order. It did not constitute a "gratuitous statement as to support now due," as held by the trial court.

## PART II

*Does Failure to Petition the Court to Vacate the Registration of a Foreign Support Order or for Other Relief Within 20 Days Preclude a Later Challenge to the Statement of Unpaid Support? No.*

■ At the time of registration of the Washington support order, section 1699 provided: "(a) Upon registration the registered foreign support

orders shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state and may be enforced and satisfied in like manner.

"(b) *The obligor has 20 days after the mailing or other service of notice of the registration-in-which to petition the court to vacate the registration or for other relief. If he* [5] *does not so petition the registered support order is confirmed.*

"(c) At the hearing to enforce the registered support order the obligor may present only matters that would be available to him as defenses in an action to enforce a support judgment. If he shows to the court that an appeal from the order is pending or will be taken or that a stay of execution has been granted the court shall stay enforcement of the order until the appeal is concluded, the time for appeal has expired, or the order is vacated, upon satisfactory proof that the obligor has furnished security for payment of the support ordered as required by the rendering state. If he shows to the court any ground upon which enforcement of a support order of this state may be stayed the court shall stay enforcement of the order for an appropriate period if the obligor furnishes the same security for payment of the support ordered that is required for a support order of this state." (Italics added.)

Wife registered the Washington order, which included the statement Husband owed her $2,400, on May 29, 1985. Husband acknowledged receipt three days later on June 1. When Wife obtained a writ of execution, Husband filed a motion to recall the writ on the ground that he and Wife had agreed to reduce the support payable to the amount of $400 per month beginning in July 1984.

The question before us is whether Husband can challenge the amount declared as unpaid in the registration statement more than 20 days after he was served with that statement. This issue concerning the interpretation of section 1699, subdivision (b), is one of first impression.

■ The cardinal rule of statutory construction is that the interpreting court should ascertain the intent of the Legislature in order to effectuate the purpose of the law. (*San Francisco* v. *Mooney* (1895) 106 Cal. 586, 588 [39 P. 852].) In ascertaining the legislative intent behind a particular statute the

---

[5] We note that by 1985 amendment, all references to "he" and "him" in this section have been changed to "the obligor." Also, by that same amendment, the word "support" preceding "order" was deleted in the second sentence of subdivision (b) and the first sentence of subdivision (c).

courts must turn first to the statutory language for an answer. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) The language employed is to be read and considered by the interpreting court as a whole according to its usual and ordinary import. (*In re Alpine* (1928) 203 Cal. 731, 737 [265 P. 947, 58 A.L.R. 1500].)

■■■ The pivotal question that must be asked and answered in order to resolve the issue is, "What is 'confirmed' by the operation of section 1699, subdivision (b), when an obligor does not petition within 20 days?" The answer is clear. The registered *order* is confirmed, not the registered arrearage statement. Had the Legislature intended confirmation of anything more than the order it could have so provided. For example, had the intent been to render the claimed amount of arrearage free from later challenge, the statute could have stated, "If the obligor does not so petition the registered order and statement of unpaid support are confirmed." Had the section so read, our conclusion would be contrary to that which we now reach.

A further ground for our opinion that Husband's contention is correct is found in the language of section 1699, subdivison (a). "Upon registration the registered foreign support orders shall be treated in the same manner as a support order issued by a court of this state. It has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a support order of this state . . . ."

A writ of execution issued pursuant to a California child support order may be challenged by a motion to recall upon the ground that the debt has been satisfied. In *Meyer* v. *Meyer* (1952) 115 Cal.App.2d 48 [251 P.2d 335], the wife obtained a support judgment for $40 per month in 1938. Many years later, upon her affidavit, the court issued a writ of execution in the amount of $2,400. Husband moved to recall and quash the writ of execution and to vacate the order for its issuance. He alleged that the amount claimed due on the judgment had been satisfied and that he paid certain sums to the wife pursuant to an oral agreement they had reached in 1944. The court held the trial court properly received evidence of the payment of the sums claimed and of the subsequent agreement, properly found the debt to have been satisfied, and properly recalled and quashed the writ of execution. (*Id.* at p. 49; see also *Wilkins* v. *Wilkins* (1950) 95 Cal.App.2d 605, 610 [213 P.2d 748].)

Because an order registered pursuant to section 1698.3 is subject to the same procedures as a California order, the trial court here likewise properly received evidence of the July 1984 modification by the parties and properly fixed the arrearage through February 1985 at $400.

We hold, therefore, that the failure of Husband to petition the court to vacate the registration or for other relief within 20 days of his receipt of notice of the registration did not preclude him from contesting the amount of unpaid support alleged by Wife to be due as of the date of registration.

## PART III*

. . . . . . . . . . . . . . . . . . . . . . . . .

The judgment is affirmed. Costs on appeal to appellant Husband.

Martin, Acting P. J., and Hamlin, J., concurred.

---

*See footnote, *ante,* page 253.